903 P.2d 128

**Jeanne L. GORDON and Michael Gordon, wife and husband, Plaintiffs–Respondents,**

v.

**THREE RIVERS AGENCY, INC., an Idaho corporation, Defendant,**

**and**

**Oregon Mutual Insurance Company, an Oregon corporation, Defendant–Appellant.**

No. 21304.

Court of Appeals of Idaho.

Aug. 17, 1995.

Petition for Review Denied Oct. 17, 1995.

Brady, Lerma & Thomas, Chtd, Boise, for appellant. Michael G. Brady argued.

Lojek & Strother, Boise, for respondent. Donald W. Lojek argued.

LANSING, Judge.

In this case we are asked to determine the proper interpretation of an insurance policy providing underinsured motorist protection.

The plaintiffs, Jeanne and Michael Gordon, brought an action for a declaratory judgment and for recovery of benefits under the underinsured motorist provision of an automobile insurance policy issued by Oregon Mutual Insurance Company. Oregon Mutual denied liability, arguing that the tortfeasor was not "an underinsured motorist" within the definition of the Gordons' policy. The district court found the underinsured motorist provisions of the policy to be ambiguous and, construing the ambiguous terms against Oregon Mutual, granted summary judgment to the Gordons. The judgment was in the form of a declaratory judgment determining that the insurance policy provided $355,000 in underinsured motorist coverage. We conclude that the district court was correct in finding the Gordons' insurance policy to be ambiguous but erred in interpreting its terms. We therefore affirm in part and vacate in part.

## I.

### BACKGROUND

In July 1989, Ms. Gordon was involved in a motor vehicle accident caused by another driver, Theresa Maggard. Ms. Gordon suffered severe injuries as a result. Ms. Maggard's automobile was insured under a liability insurance policy with a limit of $50,000 per person for bodily injury. Ms. Maggard's insurer paid the $50,000 policy limit to Ms. Gordon, but this sum was insufficient to cover her medical expenses and other damages.

At the time of the accident, Ms. Gordon's automobile was covered by an Oregon Mutual policy. The declarations page stated that the policy provided property damage and bodily injury liability coverage with a combined single limit of $300,000 per occurrence, medical payment coverage of $5,000 per person, and underinsured motor vehicle coverage with a limit of $50,000 per occurrence.

The Gordons made a claim for proceeds of the underinsured motorist coverage, asserting that they were entitled to $300,000 in benefits. Oregon Mutual denied the claim. The Gordons then brought this action against Oregon Mutual and Three Rivers Agency, Inc., the insurance agency through which the policy had been purchased. The Gordons sought a declaratory judgment determining their rights under the underinsured motorist provisions of the policy. They also claimed damages against Oregon Mutual for breach of the insurance contract and, in the alternative, sought recovery from Three Rivers Agency for negligence in failing to procure the underinsured motorist coverage that it represented it was obtaining for the Gordons.

Oregon Mutual based its defense upon the $50,000 liability limit for underinsured motorist coverage stated on the policy's declarations page. It contended that under the policy terms, the Maggard vehicle was not underinsured since it had liability coverage equal to the $50,000 limit of the Gordons' underinsured motorist coverage. The district court, however, found that language referring to "limits of liability" in the underinsured motorist insurance endorsement was ambiguous and could be interpreted to refer to an aggregation of all the policy limits for all coverages shown on the declarations page. The district court resolved this perceived ambiguity in favor of the Gordons, thereby finding that the limit of their underinsured motorist coverage was $355,000 (the $300,000 bodily injury and property damage liability limit plus the $5,000 medical payments limit plus the $50,000 underinsured motorist limit). The district court denied a motion for summary judgment by Oregon Mutual and entered summary judgment for the Gordons,

declaring the limit of liability on the disputed coverage to be $355,000.

Oregon Mutual has taken this appeal. It contends that the district court erred in finding ambiguity in the policy and asks that the $50,000 limit of liability shown on the declarations page for underinsured motorist coverage be enforced.

## II.

## ANALYSIS

Summary judgment is appropriate only when, based upon the pleadings, depositions, admissions, affidavits and answers to interrogatories on file, genuine issues of material fact are absent and the case can be decided as a matter of law. I.R.C.P. 56(c); *Moss v. Mid–American Fire and Marine Ins. Co.,* 103 Idaho 298, 302, 647 P.2d 754, 758 (1982); *Galindo v. Hibbard,* 106 Idaho 302, 304, 678 P.2d 94, 96 (Ct.App.1984). The parties' counter motions for summary judgment here turned upon the words in the printed insurance policy. Therefore, we must examine the policy provisions to determine whether the district court was correct in holding that the Gordons were entitled to judgment as a matter of law.

■ Insurance policies are a matter of contract between the insurer and the insured. *Brinkman v. Aid Ins. Co.,* 115 Idaho 346, 352, 766 P.2d 1227, 1233 (1988). In the absence of ambiguity, an insurance policy must be construed as any other contract and understood in its plain, ordinary and proper sense, according to the meaning derived from the plain wording of the contract. *Juker v. American Livestock Ins. Co.,* 102 Idaho 644, 645, 637 P.2d 792, 793 (1981); *Bonner County v. Panhandle Rodeo Ass'n, Inc.,* 101 Idaho 772, 776, 620 P.2d 1102, 1106 (1980). However, if there is an ambiguity in the terms of a policy, special rules of construction apply to insurance contracts to protect the insured. *Casey v. Highlands Ins. Co.,* 100 Idaho 505, 509, 600 P.2d 1387, 1391 (1979). Under these special rules, insurance policies are to be construed most liberally in favor of recovery, with all ambiguities being resolved against the insurer. *Foremost Ins. Co. v. Putzier,* 102 Idaho 138, 142, 627 P.2d 317, 321 (1981);

*Ryan v. Mountain States Helicopter, Inc.,* 107 Idaho 150, 153, 686 P.2d 95, 98 (Ct.App. 1984). Where ambiguity exists, the court must construe the provisions consistently with what a reasonable person in the insured's position would have understood the policy language to mean. *City of Boise v. Planet Ins. Co.,* 126 Idaho 51, 55, 878 P.2d 750, 754 (1994); *Foremost Ins. Co. v. Putzier,* 102 Idaho at 142, 627 P.2d at 321. Whether language contained in an insurance policy is ambiguous is a question of law to be determined by the trial judge. *Foster v. Johnstone,* 107 Idaho 61, 63, 685 P.2d 802, 804 (1984).

■ On appeal, we freely review this determination of law. *Clark v. St. Paul Property and Liability Ins. Cos.,* 102 Idaho 756, 757, 639 P.2d 454, 455 (1981); *Staggie v. Idaho Falls Consolidated Hospitals, Inc.,* 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct.App. 1986).

The declarations page of the policy effective at the time of Ms. Gordon's accident stated limits of liability of $300,000 per occurrence for bodily injury and property damage liability coverage, $5,000 per person for medical payment coverage, and $50,000 per occurrence for underinsured motorist coverage.

The standard policy form included a section on uninsured motorist coverage without mention of underinsured motorist insurance, but underinsured motorist coverage was added by an endorsement that included the following provisions:

### SUPPLEMENTARY UNINSURED MOTORISTS INSURANCE

#### (Bodily Injury—Limits—Underinsured Motorists)

It is agreed that, with respect to such insurance as is afforded by the policy for damages because of bodily injury caused by accident and arising out of the ownership, maintenance or use of an uninsured highway vehicle, the first subdivision ... of the definition of "uninsured highway vehicle" is amended to include "underinsured highway vehicle," subject to the following provisions:

1. Limits of Liability:

....

(b) Underinsured highway vehicles. The total limit of the company's liability for all damages because of bodily injury as the result of any one accident arising out of the ownership, maintenance or use of underinsured highway vehicles shall be the *limits of liability stated in the policy declarations*, less the sum of the limits of liability under all bodily injury bonds and insurance policies (other than this policy) applicable at the time of the accident.

2. Definitions: When used in reference to this insurance (including this and other endorsements forming a part of the policy):

"underinsured highway vehicle" means a highway vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all other bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the *applicable limits of liability under this insurance;*

....

3. The company shall not be obligated to make any payment because of bodily injury to which this insurance applies and which arises out of the ownership, maintenance or use of an underinsured highway vehicle until after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements.

(Emphasis added.)

The district court found ambiguity in the italicized portions of these provisions. The court concluded that the phrases "applicable limits of liability" and "limits of liability stated in the policy declarations" could be interpreted to refer only to the limit for underinsured motorist coverage or could also be understood to refer to all the limits stated on the declarations page. Applying the rule that ambiguities in insurance policies must be resolved in favor of the insured, the district court then determined that the endorsement

should be interpreted to mean that the limit of Oregon Mutual's liability for the underinsured motorist coverage was the total of all limits of liability mentioned on the declarations page, a sum of $355,000.

■ On appeal, we are thus required to determine whether the district court was correct in discerning ambiguity and, if so, in adopting an interpretation that aggregates all of the policy limits stated on the declarations page. An insurance policy will be found ambiguous if it is reasonably subject to conflicting interpretations. *Bondy v. Levy,* 121 Idaho 993, 997, 829 P.2d 1342, 1346, (1992); *AID Ins. Co. (Mutual) v. Armstrong,* 119 Idaho 897, 901, 811 P.2d 507, 511 (Ct. App.1991).

■ We consider first whether the definition of "underinsured highway vehicle" in Section 2 of the endorsement unambiguously excluded any vehicles with bodily injury liability insurance of at least $50,000, the amount which Oregon Mutual contends to be the policy limit for the Gordons' underinsured motorist coverage. That definition provides:

"underinsured highway vehicle" means a highway vehicle with respect to the ownership, maintenance or use of which the sums of the limits of liability under all other bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under this insurance.

We conclude that the district court correctly found the phrase "applicable limits of liability under this insurance" in this definition to be ambiguous. The definition refers to "other bodily injury liability bonds and insurance policies" in the same sentence and immediately prior to the reference to "the applicable limits of liability under this insurance." This juxtaposition of references to bodily injury liability insurance and "applicable limits of liability under this insurance" could lead a reasonable insured to believe that the "applicable limits" means the comparable or equivalent limits under the Gordons' policy, i.e., the bodily injury liability limit. If the definition were so understood, the Maggard automobile would meet the definition of underin-

sured highway vehicle because Maggard's bodily injury liability insurance was less than the limit for bodily injury liability insurance under Gordons' policy.

Oregon Mutual contends that the words "under this insurance" make clear that the referenced policy limit is the one that applies to the insurance that is the subject of the endorsement—underinsured motorist and uninsured motorist coverage. This argument is undercut, however, by Oregon Mutual's own choice of language elsewhere in the policy. In other sections of the policy the term "this insurance" is used to collectively refer to all of the provided coverages. Indeed, the definitions section within the underinsured motorist endorsement begins with a clause that states, "When used in reference to this insurance (including this and other endorsements forming a part of the policy) ..." Thus, within the endorsement itself the term "this insurance" is used to refer to coverages in addition to that which is the subject of the underinsured motorist endorsement.

. We therefore conclude that, given the context within which it appears, the phrase "applicable limits of liability under this insurance" is ambiguous in that it could reasonably be understood to mean either the liability limit for underinsured motorists coverage or the limit for bodily injury liability coverage. Resolving this ambiguity against the insurer, the Maggard vehicle must be deemed an "underinsured highway vehicle" under terms of the Gordons' policy.

■ Even with the Maggard automobile thus treated as an underinsured highway vehicle, Oregon Mutual might still avoid liability to Ms. Gordon if the limits of liability section of the underinsured motorist endorsement unambiguously precludes liability where the tortfeasor's bodily injury liability coverage equals or exceeds $50,000. We conclude, however, that it does not.

Section 1(b) of the endorsement specifies the limit of liability for underinsured motorist coverage to be "the limits of the liability stated in the policy declarations, less the sum

of the limits of liability under all bodily injury bonds and insurance policies (other than this policy) applicable at the time of the accident." Oregon Mutual apparently intended this section to provide that the company would bear no liability if payments to the insured from the tortfeasor's insurance equalled or exceeded the $50,000 limit of liability stated on the declarations page for underinsured motorist coverage. However, the writing does not unambiguously express such intent. The reference to "limits of the liability stated in the policy declarations" does not specify which of the various liability limits shown on the declarations page is to be compared to the limits of liability under all other bodily injury bonds and policies. By a literal reading, it refers to all of the limits stated on the declarations page, including the bodily injury liability limit of $300,000 per occurrence. Once again, the imprecise reference to the limits of liability under the Gordons' policy is discussed in such relationship to bodily injury liability limits on other policies as to permit an interpretation different from that asserted by Oregon Mutual. The provision could reasonably be understood, by one who is not schooled in insurance law, to mean that the policy limit for underinsured motorist coverage is derived by subtracting the bodily injury liability limits under all other applicable insurance policies from the bodily injury liability limit under the Gordons' policy.[1]

■ Having found the liability limit clause of the endorsement to be ambiguous because it is subject to more than one reasonable interpretation, we must next determine whether the district court correctly interpreted the insurance contract to provide underinsured motorist coverage with a liability limit of $355,000, the sum of all of the policy limits stated on the declarations page. As noted above, all ambiguities in an insurance policy are to be resolved against the insurer, and the court must interpret the provisions consistently with what a reasonable person in the insured's position would have understood

---

1. This ambiguity and the ambiguity in the definition of "underinsured highway vehicle" could have been readily avoided if the policy had simply referred to "limit of liability stated on the policy declarations page for underinsured motorist coverage" instead of "limits of liability stated in the policy declarations" or "applicable limits of liability."

the policy language to mean. *City of Boise v. Planet Ins. Co.*, 126 Idaho at 55, 878 P.2d at 754. *Foremost Ins. Co. v. Putzier*, 102 Idaho at 142, 627 P.2d at 321. Thus, we are governed by a standard of reasonableness, and our task is not to interpret the policy to provide the maximum conceivable coverage but to allow that coverage which a reasonable insured would have understood the contract language to provide.

Applying that standard, we cannot conclude that a reasonable insured would interpret the endorsement in the manner advocated by the Gordons and adopted by the district court, requiring that all three policy limits stated on the declarations page be aggregated to arrive at the "real" limit of liability for underinsured motorist coverage. Such an interpretation requires the reader to inject into the endorsement words that are not there. It would demand that we read "the limits of liability stated in the policy declarations" to mean *"the sum of* the limits of liability stated in the policy declarations." This interpretation adopts an aggregation procedure that is nowhere described in the policy.

We have found the phrases "limits of liability stated in the policy declarations" and "applicable limits of liability under this insurance" to be ambiguous not only because they are imprecise but also because they are used in connection with references to bodily injury liability insurance in such a way that an insured might understand these phrases to refer to the bodily injury liability limit under the Oregon Mutual policy. Thus, the same flaw that makes the policy terms ambiguous would, in our view, lead a reasonable person in the place of the insured to believe that the liability limit for underinsured motorist coverage is the same as the limit for bodily injury liability coverage, or $300,000, minus amounts paid by other applicable insurance.

We thus conclude that the district court correctly found the policy to be ambiguous and correctly determined that the Maggard vehicle was an underinsured highway vehicle as defined in the Gordons' policy, but incorrectly determined the amount of underinsured motorist coverage afforded by the policy.

The summary judgment of the district court is therefore affirmed in part and vacated in part, and the case is remanded for further proceedings consistent with this opinion.

We award costs on appeal to respondents Gordon, together with attorney fees on appeal awarded pursuant to I.C. § 41–1839 and I.A.R. 41.

SWANSTROM, J., Pro Tem., concurs.

PERRY, Judge, concurring.

I concur with the decision of the majority in this case only because I feel that the recent Idaho Supreme Court decision in *City of Boise v. Planet Insurance Company*, 126 Idaho 51, 878 P.2d 750 (1994), mandates affirmation of the district court's finding of an ambiguity.

Were it not for the decision in *Planet Insurance*, I might disagree with the majority. In that case, the Supreme Court examined a comprehensive general liability policy purchased by the City of Boise and underwritten by Planet Insurance Company of Wisconsin. Following his demotion, a former deputy chief of operations in the city fire department sued the city, the mayor and the fire chief. He alleged that he had been wrongfully demoted and that his efforts to communicate complaints about the city fire chief, which he claims led to his demotion, were constitutionally protected free speech and expression. A jury awarded the former employee damages for lost earnings and emotional distress, finding that the demotion had been in retaliation for constitutionally protected free speech.

Planet Insurance denied coverage for the emotional distress damages under a policy exception that excluded "personal injury to or sickness, disease or death of any employee of the Insured arising out of and in the course of his employment by the Insured." "Personal Injury" was defined as "Bodily injury, sickness, disease, disability, shock, fright; mental anguish and mental injury, including death at any time resulting therefrom."

As to the damages for emotional distress, the Supreme Court determined that an ambiguity existed in the above language based on the policy's use of bold type face. The policy defined various terms and, in so doing, employed a bold type face for each term. The policy then, when referring to the terms elsewhere, used the same type face. The Court found that since the phrase "personal injury" contained in the employee exclusion was not in the bold type face, it might be subject to any number of definitions and need not necessarily be read as defined in the policy. Because of this ambiguity, the policy was allowed to be construed in favor of the city and the summary judgment in favor of Planet Insurance was reversed.

I believe *Planet Insurance* is instructional in determining how narrow a reading is required by our Supreme Court when searching for ambiguity. In the instant case, the policy defines underinsured highway vehicles as:

a highway vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all other bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the *applicable limits of liability under this insurance* ...

(emphasis added).

Similarly, the limit of liability for underinsured vehicles states:

The total limit of the company's liability for all damages because of bodily injury as the result of any one accident arising out of the ownership, maintenance or use of underinsured highway vehicles *shall be the limits of liability stated in the policy declarations,* less the sum of the limits of liability under all bodily injury bonds and insurance policies (other than this policy) applicable at the time of the accident.

(emphasis added).

The policy declarations recited the following limits:

Combined Single Limits
  300,000 per occurrence
Medical Payment Coverage
  5,000 per person
Underinsured Motorist Coverage (BI)
  50,000 per occurrence

Reading the language "the applicable limits of liability under this insurance" and "the limits of liability stated in the policy declaration," to include all the limits listed in the declaration is, to me, no less reasonable than determining that a definition contained in a policy was inapplicable because the phrase did not appear in bold type face. We must remember the test set forth in *Planet Insurance* is "what a *reasonable person in the position of the insured* would have understood the language of the contract to mean." *Id.* at 55, 878 P.2d at 754, (emphasis added) (*quoting Foremost Ins. Co. v. Putzier,* 102 Idaho 138, 142, 627 P.2d 317, 321 (1981)).

By applying *Planet Insurance* to the facts of this case the Court goes one step further in clarifying Idaho's restrictive interpretation of insurance policies. In future disputes, insureds will offer *Planet Insurance* as the standard for interpretation of insurance contracts in Idaho. Such a standard, however, may leave the insurer to wonder what language can be used and still have the policy comply with the appellate court's demands for specificity.

Therefore, I believe that a stringent application of *Planet Insurance* mandates affirming the district court's finding of an ambiguity. Being so restrained, I also conclude that to eliminate excessive recovery by the insured in this particular case, the majority has properly limited the coverage provided by the policy.

Accordingly, I concur.