941 P.2d 1316 (1997)
130 Idaho 415
Jed BAKER, an individual, Plaintiff-Appellant,
v.
FARM BUREAU MUTUAL INSURANCE COMPANY OF IDAHO, INC., an Idaho Corporation Lawfully Transacting Business in Idaho, Defendant-Respondent.
No. 23285.
Court of Appeals of Idaho.
July 18, 1997.
*1317 Thomas G. Maile, IV, Boise, for plaintiff-appellant.
Saetrum Law Offices, Boise, for defendant-respondent.
PERRY, Judge.
This is an automobile insurance case concerning underinsured motorist (UIM) coverage and medical payment coverage. Asserting that certain provisions of the policy issued by Farm Bureau Mutual Insurance Company of Idaho, Inc., are ambiguous and should be construed in his favor, Jed Baker appeals from the district court's order granting summary judgment to Farm Bureau. For the reasons set forth below, we affirm.

I.

BACKGROUND
The facts of this case are not in dispute. While driving a 1981 Plymouth, with the permission of the vehicle's owner, Jed Baker was struck by a drunk driver and suffered substantial injuries. The drunk driver's insurance company tendered to Baker the limit of the driver's liability insurance in the sum of $25,000. Baker's damages well exceeded this amount. Baker turned to Farm Bureau, the insurance carrier on the Plymouth vehicle, and made a request as an insured under the UIM provision of the policy issued by Farm Bureau. Farm Bureau paid the medical benefits of $1,000 due under the policy, but refused to pay any further sums. Baker sued Farm Bureau alleging breach of contract, bad faith and breach of good faith and fair dealing. Farm Bureau moved for summary judgment. The district court granted the motion, ruling that the insurance policy was clear and unambiguous and that there were no further monies due and owing to Baker under the UIM coverage or medical coverage provisions. Baker moved for reconsideration of the district court's decision which was denied. Baker appealed.

II.

STANDARD OF REVIEW
We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. Edwards v. Conchemco, Inc., 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App.1986). When assessing the motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. G & M Farms v. Funk Irrigation Co., 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); Sanders v. Kuna Joint School Dist., 125 Idaho 872, 876 P.2d 154 (Ct.App.1994).
Insurance policies are a matter of contract between the insurer and the insured. Brinkman v. Aid Ins. Co., 115 Idaho 346, 352, 766 P.2d 1227, 1233 (1988); Gordon v. Three Rivers Agency, Inc., 127 Idaho 539, 542, 903 P.2d 128, 131 (Ct.App.1995). To determine whether a policy is ambiguous, the Court must ask whether the policy "is reasonably subject to conflicting interpretation." City of Boise v. Planet Ins. Co., 126 Idaho 51, 55, 878 P.2d 750, 754 (1994), quoting Bondy v. Levy, 121 Idaho 993, 997, 829 P.2d 1342, 1346 (1992). "Unless a contrary intent is shown, common, non-technical words are given the meaning applied by laymen in daily usageas opposed to the meaning derived from legal usagein order to effectuate the intent of the parties." Mutual of Enumclaw v. Box, 127 Idaho 851, 853, 908 P.2d 153, 155 (1995), quoting AID Ins. Co. (Mut.) v. Armstrong, 119 Idaho 897, 900, 811 P.2d 507, 510 (Ct.App.1991). Whether language contained in an insurance policy is ambiguous is a question of law to be determined by the trial judge. Foster v. Johnstone, 107 Idaho 61, *1318 63, 685 P.2d 802, 804 (1984); Gordon, 127 Idaho at 542, 903 P.2d at 131. On appeal, we freely review this determination. Clark v. St. Paul Property and Liability Ins. Cos., 102 Idaho 756, 757, 639 P.2d 454, 455 (1981); Gordon, 127 Idaho at 542, 903 P.2d at 131.

III.

DISCUSSION

A. Underinsured Motorist Coverage
Baker asserts that the policy issued by Farm Bureau contains several ambiguous provisions relating to the UIM coverage provided to him, as an insured, under the policy.[1] Baker contends that a reasonable interpretation of the UIM coverage provisions in dispute would provide substantial relief and coverage for his overwhelming debts related to injuries sustained in the accident.
The declarations page of the policy in effect at the time of Baker's accident states limits of liability of $100,000 each occurrence for bodily injury and property damage liability coverage, $25,000 each person for underinsured motorist coverage, and $1,000 each person for medical coverage.
Coverage P of the policy defines the underinsured motorist coverage and provides, in part:
We will pay damages which an insured is legally entitled to recover from the owner or operator of an ... underinsured motor vehicle because of bodily injury sustained by an insured and caused by an occurrence. The owner's or operator's liability for these damages must arise from the ownership, maintenance or use of the ... underinsured motor vehicle.
....
3. Underinsured motor vehicle means a motor vehicle or trailer for which the sum of liability limits of all liability bonds or policies at the time of an occurrence is less than the limit of this coverage[.]
Baker claims that subsection three, which defines an underinsured motor vehicle, is ambiguous. He claims that the words, "this coverage," are ambiguous because it is unclear whether the words refer to the general liability coverage, the UIM coverage, the medical coverage or the entire page of declarations. For support, Baker compares the language of the instant policy with the language this Court held to be ambiguous in Gordon.
In Gordon, we analyzed the following underinsured motor vehicle provision:
"[U]nderinsured highway vehicle" means a highway vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all other bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under this insurance.
Gordon, 127 Idaho at 543, 903 P.2d at 132. We held that the phrase, "applicable limits of liability under this insurance," was ambiguous, reasoning:
The definition refers to "other bodily injury liability bonds and insurance policies" in the same sentence and immediately prior to the reference to "the applicable limits of liability under this insurance." This juxta-position of references to bodily injury liability insurance and "applicable limits of liability under this insurance" could lead a reasonable insured to believe that the "applicable limits" means the comparable or equivalent limits under the Gordon's policy, i.e., the bodily injury limit.
....
We therefore conclude that, given the context within which it appears, the phrase "applicable limits of liability under this insurance" is ambiguous in that it could reasonably be understood to mean either the liability limit for underinsured motorists coverage or the limit for bodily injury liability coverage.
Gordon, 127 Idaho at 543-44, 903 P.2d at 132-33.
Farm Bureau's policy is broken into four sectionsproperty, liability, automobile and inland marine. Within each section, there are separate coverages, and each coverage offers a distinguishable service. The relevant *1319 section in the case at bar is the automobile section, which has seven separate coveragesbodily injury, property damage, uninsured/underinsured motorist, medical payments, fire and theft only, comprehensive, and collision and roll over. Coverage P of the policy defines the coverage available for an underinsured motorist. Within coverage P, subsection three defines an underinsured motor vehicle and provides:
Underinsured motor vehicle means a motor vehicle or trailer for which the sum of liability limits of all liability bonds or policies at the time of an occurrence is less than the limit of this coverage.
In Gordon, we held that the placement of the phrase "applicable limits of liability under this insurance" next to the phrase "other bodily injury liability" in the UIM coverage was ambiguous and could lead a reasonable insured to believe that the "applicable limits" meant the bodily injury liability limit. We noted that elsewhere in the policy the term "this insurance" was used to refer collectively to all of the provided coverages, which indicated that the term as used in the quoted phrase did not mean only the UIM coverage. By contrast, in subsection three of the Farm Bureau policy, the phrase, "the limit of this coverage," placed subsequently to the phrase "the sum of liability limits," is not ambiguous because "the limit of this coverage" unequivocally refers to the UIM limit. It would be unreasonable to interpret this language as referring to the bodily injury liability limit. Therefore, we conclude that the district court did not err in finding the above provision unambiguous.
We next address whether the vehicle which struck Baker is considered an underinsured motor vehicle. The phrase in coverage P, "sum of liability limits of all liability bonds or policies," would include the $25,000 of bodily injury liability insurance paid to Baker from the insurance company of the drunk driver who hit him.[2] The coverage limit for an underinsured motorist under the Farm Bureau policy, as listed on the declarations page, is $25,000. Therefore, we conclude that the motor vehicle which struck Baker is not an underinsured motor vehicle because the sum of all liability bonds or policies, $25,000, is not less than the limit of the underinsured coverage of Farm Bureau's policy, also $25,000. Consequently, Baker is not entitled to benefits under Farm Bureau's UIM coverage, and we do not need to address whether the conditions applicable to the UIM coveragelimit of liability, reduction of amounts payable and payment of lossare ambiguous.

B. Medical Payment Coverage
Baker contends that a reasonable interpretation of the medical payment coverage of the policy entitles him to coverage for all of his medical bills incurred within three years of the injury, up to the bodily injury liability limit in addition to the medical payment limit. Farm Bureau responds that the medical payment coverage is subject to a condition which limits the medical payment coverage to the medical limit stated on the declarations page. Baker responds that the declarations page contains several limits and any distinctions between medical payments and bodily injury "are quite blurred."
Coverage Q of the policy defines the medical payment coverage and provides, in part:
We will pay the necessary medical and funeral expenses incurred within three (3) years from the date of occurrence to each insured who sustains bodily injury caused by an occurrence.
Several pages after coverage Q, the following condition is stated:
Under Coverage Q the medical limit stated in the Declarations for each person is our limit of liability for all expenses incurred by or on behalf of each person who sustains bodily injury resulting from an occurrence[.]
The declarations page of the policy unambiguously states that coverage Q's medical limit is $1,000. The only reasonable interpretation of the above condition is that the medical payment under coverage Q is limited to the medical limit stated in the declarations page, or $1,000. Baker's assertion that the distinctions between medical coverage and bodily injury "are quite blurred" is unpersuasive in light of the reference in the above condition which clearly and unambiguously refers to the medical limit, and not the bodily injury *1320 limit, of the declarations page. Thus, the district court did not err in granting Farm Bureau's summary judgment motion in this regard.

C. Attorney Fees Below
Baker asserts that the district court erred in failing to grant Baker's motion for attorney fees. Baker argues that if this Court reverses the summary judgment of the district court he is entitled to attorney fees pursuant to I.C. § 41-1839. Because we affirm the district court's order granting Farm Bureau's motion for summary judgment, we do not address Baker's request.

IV.

CONCLUSION
We hold that the district court did not err in finding the challenged provisions of the Farm Bureau policy unambiguous. Accordingly, we affirm the district court's order granting summary judgment to Farm Bureau. Attorney fees having been waived, costs only are awarded to respondent, Farm Bureau.
WALTERS, C.J., and LANSING, J., concur.
NOTES
[1] Farm Bureau has not challenged on appeal Baker's status as an insured under the policy.
[2] This amount has not been challenged on appeal.