*4
 
 OPINION OF THE COURT
 

 Smith, J.
 

 The issue on appeal is whether a fire insurance policy that excludes coverage for the intentional fire set by “an insured” violates Insurance Law § 3404 when applied to exclude coverage to an innocent insured. We conclude that it does.
 

 Defendant issued plaintiff a homeowner’s insurance policy that provided coverage against loss by fire. The policy excluded coverage for loss resulting from intentional acts by “an insured,” and defined “an insured” as
 
 “you
 
 and, if residents of
 
 your
 
 household,
 
 your
 
 relatives.” That definition included plaintiff and her six minor children who lived with her in the insured premises. While the policy was in effect," plaintiff’s 17-year-old son intentionally set the premises on fire. Although plaintiff’s son was solely responsible for the arson, defendant disclaimed liability based on the policy exclusion for intentional acts by “an insured.”
 

 Plaintiff commenced this action seeking declaratory relief and damages. Supreme Court granted summary judgment for plaintiff, holding that she was entitled to coverage under the policy. Noting that “the equities clearly favor recovery to the innocent [insured],” the court concluded that because plaintiffs fire insurance policy excludes coverage for acts committed by “an insured” rather than by “the insured,” defendant provides significantly less coverage than that required in the standard insurance policy set forth in Insurance Law § 3404 (e) (175 Mise 2d 616, 620). The Appellate Division, with two Justices dissenting, reversed and dismissed plaintiffs lawsuit. The majority determined that the policy terms were unambiguous and should be enforced, and that limiting the breadth of coverage to exclude innocent insureds did not violate Insurance Law § 3404 (f) (1) (A). The dissent concluded that defendant’s policy “impermissibly deprives an innocent owner of coverage”-and that the policy violates Insurance Law § 3404 (256 AD2d 1100, 1102). Plaintiff appealed as of right pursuant to CPLR 5601 (d).
 

 On appeal, defendant argues that because the pertinent policy language is unambiguous, the contract should be enforced according to its terms and plaintiffs recovery barred. Specifically, defendant contends that by setting the insured premises on fire, plaintiffs son, who was “an insured,” violated a policy exclusion entitled
 
 “Intentional Acts,”
 
 which states that it “[does] not pay for loss which results from an act committed
 
 *5
 
 by or at the direction of
 
 an
 
 insured and with the intent to cause a loss” (emphasis added). Defendant further maintains that there is no violation of Insurance Law § 3404 (f) (1) (A), that the exclusionary clause of the policy is valid under New York State law and that the exclusionary clause applies in the instant matter.
 

 We hold that the. subject exclusion impermissibly restricts the coverage mandated by statute and afforded the innocent insured (Insurance Law § 3404;
 
 Reed v Federal Ins. Co.,
 
 71 NY2d 581). The New York standard fire insurance policy is codified in Insurance Law § 3404 (e). Any policy that insures against the peril of fire must incorporate “terms and provisions no less favorable to the insured than those contained in the [standard policy]” (Insurance Law § 3404 [f] [1] [A]). The standard policy exclusion provision entitled “Conditions suspending or restricting insurance,” states that damages will be disclaimed “for loss occurring * * * while the hazard is increased by any means within the control or knowledge of
 
 the
 
 insured” (emphasis added). The standard policy is the minimum level of coverage permissible for an insurance company to issue.
 

 In
 
 Reed,
 
 we upheld the right of an innocent insured property owner to recover on a fire insurance policy that had been damaged by the independent willful misconduct of another insured. “[A]s a matter of fairness and equity * * * the independent wrongdoing of one insured should not bar recovery as to the coinsured under a policy that names and is intended to protect her”
 
 {id.,
 
 at 588).
 

 Through use of the language “the insured” in the standard policy, the statute delineates independent liabilities and obligations as to each insured to refrain from incendiary acts. Accordingly, to the extent that the
 
 “Intentional Acts”
 
 exclusion creates joint liability and bars coverage to plaintiff, an innocent insured not implicated in her son’s incendiary act, the exclusion provision is unenforceable under Insurance Law § 3404 (f) (1) (A).
 

 As Supreme Court aptly noted in the present case, the “an insured” language contained in defendant’s policy “offers an innocent party significantly less coverage than the language ‘the insured’. Since the latter phrase is that adopted by the Legislature in the Insurance Law, use of the former violates that statute’s requirement that all fire policies offer the level of coverage provided in the standard policy”
 
 (Lane v Security Mut. Ins. Co., supra,
 
 175 Misc 2d, at 620).
 

 
 *6
 
 As a final matter, we note that our decision is limited to matters involving fire insurance, where Insurance Law § 3404 is implicated.
 
 Allstate Ins. Co. v Mugavero
 
 (79 NY2d 153), which involved liability insurance not governed by section 3404, is inapplicable. Hence, reliance by defendant and the Appellate Division majority on
 
 Mugavero
 
 to support the application of joint responsibility was misplaced.
 

 Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and judgment granted declaring plaintiff entitled to coverage under the subject insurance policy.
 

 Chief Judge Kaye and Judges Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.