57 P.3d 799

**William R. MURPHY, an individual, Plaintiff–Appellant,**

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant–Respondent.**

No. 27116.

Supreme Court of Idaho, Pocatello, September 2002 Term.

Oct. 24, 2002.

Cooper & Larsen, Chtd., Pocatello, for appellant. Reed W. Larsen argued.

Kent W. Hansen, Salt Lake City, for respondent.

KIDWELL, Justice.

On February 21, 1999, the appellant, William R. Murphy (Murphy), tripped, fell, and suffered injuries during the course of his employment with the respondent, Union Pacific Railroad Company (Union Pacific). Murphy filed a claim for damages under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51 (1997), *et seq.* The district court granted Union Pacific's motion for summary judgment on the grounds that Murphy failed to create a genuine issue of material fact for trial on the issue of proximate cause. Murphy timely filed this appeal.

## I.

## FACTS AND PROCEDURAL BACKGROUND

On February 21, 1999, Murphy was employed by Union Pacific as a "carman" in its Pocatello rail yard. While performing his duties near "Track 5," Murphy twisted his ankle, fell, and injured his ankle and elbow. No one witnessed the accident.

Murphy filed a FELA claim alleging that Union Pacific's negligent track maintenance practices created an unsafe working environment that caused his fall and resulting injuries. Murphy alleged in his verified complaint that Union Pacific's negligence, in particular its failure to maintain adequate walking paths, caused his injuries. On August 10, 2000, Union Pacific filed a motion for summary judgment arguing that Murphy lacked any proof that Union Pacific's negligence actually or proximately caused his fall. For purposes of summary judgment, Union Pacific admitted that it negligently failed to maintain the area of the track on which Murphy fell. Murphy's deposition testimony served as the basis for Union Pacific's argument that Murphy lacked proof on the element of causation.

Murphy's deposition transcript includes the following questions and answers relevant to causation:

(1) **Q.** Referring back to the date of the accident, you said that you stepped in something. Do you know what it was that you stepped in or on that caused you to fall?

**A.** You know, I didn't really pay any attention because we had another train but it's so uneven down there it could have been anything.

(2) **Q.** And, as I understand it, you don't know what it was that caused your foot to roll?

**A.** No.

**Q.** You don't know whether you stepped on anything or not?

**A.** It could have been the edge of a tie or that little insulator they have, you know, there is a lot of stumbling hazards down there.

(3) **Q.** And you don't know for sure what it was, you are just speculating that it could have been uneven ground or [the insulator], right?

**A.** Yes.

(4) **Q.** And I believe that you testified earlier that you weren't sure whether you stepped on anything or just on uneven ground; is that correct?

**A.** That's correct.

**90**

**Q.** So the fact that there may have been trash in the area, you don't know whether that actually caused you to fall or not?

**A.** Like I say, the switch areas aren't— you know, they are not used that much so they are fairly clean compared to the rest of the track.

(5) **Q.** But you don't know whether you stepped in a hole or on trash, do you?

**A.** Not for sure.

**Q.** You may have just stepped on ballast or the side of a tie, correct?

**A.** The side of a tie, because you can see in the picture (indicating) where there is no ballast in between the ties.

In response to Union Pacific's motion for summary judgment, Murphy filed an affidavit stating the following regarding the issue of causation:

> After the incident and upon inspecting the area, there are numerous tripping and stumbling hazards which consist of uneven ballast, the large ballast, and the rough and loose ties. Because it was dark and because I fell, I do not know with 100% certainty as to what caused me to trip and fall. There are numerous stumbling hazards. However, I believe it is more probably true that I stepped in one of the uneven areas of the ties and large ballast and stumbling hazards which caused me to fall. I readily acknowledge that it was possible that I may have stepped on the insulator and had that cause my fall. However, that is only a possibility, not a probability. I do not believe that the insulator was the probable cause of my tripping and falling. I believe that the probable cause which caused me to fall was the rough, uneven, and unmaintained areas where the switch was located. I have tried to explain to the Railroad on numerous occasions that there are numerous stumbling hazards. If the area would have been properly maintained and had a proper toe path, I would not have tripped/slipped and fallen and injured myself. If the Railroad would have provided me with a reasonable safe place to work by providing a smooth, solid, and firm footing, this accident would have been prevented.

After considering the affidavits, admissions, and depositions on file, the district court found that Murphy failed to offer evidence creating a genuine issue of material fact regarding causation. Consequently, the district court granted summary judgment in favor of Union Pacific. Murphy timely appealed to this Court arguing that the district court erred in finding that the record lacked evidence of causation and in granting summary judgment in favor of Union Pacific.

## II.

### STANDARD OF REVIEW

 Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material·fact and that the moving party is entitled to a judgment as a matter of law. When reviewing an appeal from a grant of summary judgment, this Court employs the same standard used by the district court originally ruling on the motion.... [T]his Court should liberally construe all facts in favor of the nonmoving party and draw all reasonable inferences from the facts in favor of the nonmoving party. Summary judgment must be denied if reasonable persons could reach differing conclusions or draw conflicting inferences from the evidence presented....

*Northwest Bec–Corp. v. Home Living Service,* 136 Idaho 835, 838–39, 41 P.3d 263, 266–67 (2002) (internal citations and quotations omitted).

## III.

### ANALYSIS

**A. Did The District Court Err By Granting Summary Judgment In Favor Of Union Pacific On The Grounds That Murphy Failed To Offer Evidence Of Causation Sufficient To Create A Genuine Issue For Trial?**

**1. Is The Burden That A Non–Moving Plaintiff Must Meet To Withstand A Motion For Summary Judgment Relaxed In Actions Brought Pursuant To FELA?**

Murphy argues that FELA has a relaxed causation standard and, as a result, the

threshold for withstanding a motion for summary judgment in actions brought pursuant to FELA is less stringent than the standard in common law negligence cases. Union Pacific contends that, though FELA's causation standards are relaxed, Murphy still bears the burden of producing facts that support the existence of a causal connection, however slight, between Union Pacific's negligence and Murphy's injury.

█ Railroad employees may bring claims for personal injury suffered in the course of employment pursuant to FELA. *Howell v. Eastern Idaho R.R., Inc.*, 135 Idaho 733, 736, 24 P.3d 50, 53 (2001); *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 507 n. 14, 77 S.Ct. 443, 449, n. 14, 1 L.Ed.2d 493, 500, n. 14 (1957). To prevail on a FELA claim, a plaintiff employee must make the same showing required to prevail in a common law negligence action, namely, that the defendant employer's breach of a standard of care caused the plaintiff injury. *Howell*, 135 Idaho at 736, 24 P.3d at 53; *see also Alegria v. Payonk*, 101 Idaho 617, 619, 619 P.2d 135, 137 (1980) (defining elements of common law negligence). FELA, however, applies the doctrine of pure comparative negligence thus stripping covered employers of common law and state statutory defenses such as comparative fault as found in Idaho Code section 6–801 (2002), assumption of risk, and contributory negligence that might bar an employee's recovery in a common law action. *Howell*, 135 Idaho at 736, 24 P.3d at 53. Consequently, an employee may recover from an employer if "employer negligence played any part, even the slightest, in producing the injury ... for which damages are sought." *Rogers*, 352 U.S. at 506, 77 S.Ct. at 448, 1 L.Ed.2d at 499.

█ Although FELA relaxes the degree of causation that an employee must show to recover for an employer's negligence, FELA does not relax the summary judgment standard. When an employer in a FELA action moves for summary judgment and meets the initial burden of showing no genuine issue of material fact, it becomes incumbent on the employee plaintiff to show a genuine issue of material fact with regard to each element of the case as they would have to in any other type of action. In an action brought pursuant to FELA, this re-quires that an employee produce some proof from which "with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury." *Rogers*, 352 U.S. at 507, 77 S.Ct. at 449, 1 L.Ed.2d at 499.

**2. Did Murphy Create A Genuine Issue Of Material Fact Regarding The Element Of Causation On Which He Bears The Burden Of Proof At Trial?**

█ Murphy argues that his deposition testimony, in combination with his affidavit, creates a genuine issue of material fact regarding causation. His deposition testimony indicates that he believes that he stepped in or on something, such as uneven ballast or the edge of a tie around which ballast was missing. Murphy's affidavit confirms that he believes that he stepped in one of the uneven areas of the ties and large ballast. Union Pacific contends that Murphy's deposition testimony shows that Murphy does not know what caused him to fall, whether it was his misstep onto an insulator or as a result of negligently maintained ballast and ties. Furthermore, Union Pacific asserts that Murphy's affidavit contradicts his deposition testimony and is, therefore, insufficient to create a genuine issue of material fact for trial on the issue of causation.

Murphy alleges in his verified complaint that Union Pacific's failure to provide an adequate walking path caused his fall. His deposition testimony shows that, while not completely certain of what he tripped on, he believes that uneven ballast or ballast missing from between the ties caused his fall. Murphy's affidavit further indicates that he probably tripped on uneven ties and large ballast rather than on a permanent track fixture such as an insulator. Construing these facts most favorably for Murphy, a reasonable person could find that it is more likely than not that Union Pacific's negligence played some part, however slight, in producing Murphy's injury. *Rogers*, 352 U.S. at 506, 77 S.Ct. at 448, 1 L.Ed.2d at 499. On the other hand, a reasonable person could find that Murphy is merely speculating about what caused his fall and that he cannot show that Union Pacific's negligence played a part

in his injury. When reasonable people could reach different conclusions from the pleadings and evidence in the record, summary judgment must be denied. *Northwest Bec–Corp,* 136 Idaho at 839, 41 P.3d at 267; *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994); *Harris v. Dept. of Health & Welfare,* 123 Idaho 295, 298, 847 P.2d 1156, 1159 (1992). Therefore, this Court vacates the decision of the district court granting summary judgment in favor of Union Pacific and remands the case for further proceedings consistent with this opinion.

## IV.

## CONCLUSION

This Court finds that the district court applied the correct summary judgment standard. However, because genuine issues of material fact exist regarding the cause of Murphy's injuries, the district court's order granting summary judgment is vacated and this case is remanded for further proceedings. No attorney fees were requested on appeal. Costs to appellant.

Chief Justice TROUT, Justices SCHROEDER, WALTERS, AND EISMANN concur.