#26254-r-JKK

**2012 S.D. 76**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

LAMAR ADVERTISING OF
SOUTH DAKOTA, INC.,                    Petitioner and Appellant,

            v.

ZONING BOARD OF ADJUSTMENT
OF THE CITY OF RAPID CITY,              Respondent and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE WALLY EKLUND
Judge

\* \* \* \*

EDWARD C. CARPENTER
STEPHEN C. HOFFMAN of
Costello, Porter, Hill, Heisterkamp,
  Bushnell & Carpenter, LLP
Rapid City, South Dakota            Attorneys for petitioner
                                    and appellant.


JOEL P. LANDEEN of
Office of the City Attorney
Rapid City, South Dakota            Attorneys for respondent
                                    and appellee.

\* \* \* \*

                                    CONSIDERED ON BRIEFS
                                    ON AUGUST 27, 2012

                                    OPINION FILED **10/31/12**

#26254

KONENKAMP, Justice

[¶1.]    In denying a writ of certiorari, the circuit court ruled that Rapid City regularly pursued its authority when it required a conditional use permit as a prerequisite to granting a request to alter an existing off-premises sign.  We reverse.

## Background

[¶2.]    On April 4, 2011, Lamar Advertising of South Dakota, Inc., submitted applications to Rapid City Building Official Brad Solon for sign building permits, which would allow Lamar to convert six traditional billboards to digital signs. Solon denied Lamar's applications, relying on the opinion of Rapid City's Growth Management Director, Marcia Elkins, "that any alteration to an off-premise [sic] sign would require a conditional use permit under Title 17.50.380 (Off-Premise [sic] Signage as a Conditional Use)."  In appealing the denial to the Rapid City Zoning Board of Adjustment, Lamar contended that a conditional use permit was not required to alter an existing sign under Rapid City Municipal Code Chapter 15.28 (Sign Code).  After a hearing on June 21, 2011, the City unanimously upheld Solon's denial.

[¶3.]    Lamar petitioned the circuit court for a writ of certiorari.  It argued that the City, in at least 100 prior instances, allowed Lamar to alter existing signs without first obtaining a conditional use permit, and therefore, the City should be estopped from now requiring a conditional use permit.  Lamar further argued that

-1-

the City's denial was "arbitrary and beyond its jurisdiction as an effort to improperly regulate digital billboards in contravention of existing ordinances."[1]

[¶4.] In response, the City asserted that Lamar was aware that a conditional use permit would be required before altering existing off-premises signs, because in 2010, the City denied Lamar's application to alter two traditional off-premises signs without an accompanying conditional use permit.[2] The City further claimed that the Rapid City Municipal Code (City Code) makes off-premises signs a conditional use, for which a permit is required (*see* City Code Section 17.18.030), and Sign Code Section 15.28.240 requires that all sign alterations comply with the "Code" and therefore, Lamar must bring its signs into compliance under the conditional use City Code section.

---

1. In June 2011, two months after Lamar applied to convert the six signs to digital, Rapid City voters approved an initiated measure that banned the use of off-premises digital billboards. Because Lamar's application preceded the June 2011 election, the newly-enacted ban did not apply to Lamar's request.

2. In denying Lamar's application, Solon informed Lamar that a conditional use permit was required for each sign. Lamar did not appeal the denial, but instead applied for conditional use permits. On March 25, 2010, the Rapid City Planning Commission denied Lamar's request for each conditional use permit. Lamar's appeal to the City Council was denied on June 6, 2010. On July 5, 2010, Lamar petitioned the circuit court for a writ of mandamus. But the parties later stipulated that Lamar would dismiss its petition as it related to the sign on Mount Rushmore Road. In exchange, the City granted Lamar's request to convert the sign on East Anamosa Street to digital. Lamar reserved the right to file a new application for a sign permit to convert the sign on Mount Rushmore Road to digital. This sign permit application is included in the current appeal.

[¶5.]     At a hearing before the circuit court, Solon testified that the City, from 2002 until 2010, did not require a conditional use permit before allowing Lamar to alter existing signs, even though City Code Section 17.18.030 was in effect, designating off-premises signs as a conditional use. For new signs, however, the City required a conditional use permit after 2002. Indeed, in 2006, Lamar obtained a conditional use permit and constructed a new sign. When, in 2010, the City's Growth Management Director told Solon to start requiring a conditional use permit, Solon began to impose the requirement for existing off-premises signs.

[¶6.]     In its memorandum decision, the circuit court framed the issues as (1) whether Solon had jurisdiction to deny Lamar's applications and (2) whether the denial was beyond Solon's defined authority. On the first question, the court concluded that "there is no doubt as to Solon's jurisdiction over Lamar's sign building permit application because Rapid City Sign Building Code 15.28.090 expressly grants him this authority." As to the second question, whether Solon exceeded his authority, the court quoted language from a Sign Code section related to what must be included in a sign building permit application. *See* Sign Code Section 15.28.090(E). In particular, the court interpreted the language "other such data and information as may be required by the Building Official" to mean that the City could require a conditional use permit before granting Lamar's request. The court also concluded that the City was not estopped from requiring a conditional use permit because Lamar applied for and received a conditional use permit in 2006. (The sign was new, however, not existing.) Accordingly, the court denied Lamar's petition.

[¶7.]     On appeal, Lamar argues that the circuit court erred in refusing to grant a writ of certiorari, as the City acted in an irregular pursuit of its authority when it denied Lamar's applications. "Our review of certiorari proceedings is limited to whether the challenged court, officer, board, or tribunal had jurisdiction and whether it regularly pursued its authority." *Esling v. Krambeck*, 2003 S.D. 59, ¶ 6, 663 N.W.2d 671, 675 (citation omitted). Construing city ordinances requires de novo review. *Ridley v. Lawrence Cnty. Comm'n,* 2000 S.D. 143, ¶ 5, 619 N.W.2d 254, 257 (citations omitted). We interpret an ordinance to "discover the true intention of the law which is to be ascertained primarily from the language expressed in the [ordinance]." *Esling,* 2003 S.D. 59, ¶ 6, 663 N.W.2d at 675-76 (citing *City of Rapid City v. Anderson,* 2000 S.D. 77, ¶ 7, 612 N.W.2d 289, 291-92 (citations omitted)).

## Analysis and Decision

[¶8.]     The circuit court's denial of Lamar's petition for a writ was based on reasons not asserted by the City at the hearing or in its pre- and post-hearing briefs. At no point did the City claim that by obtaining a conditional use permit in 2006 for a *new* sign, Lamar was put on notice of the City's policy for *existing* signs. Furthermore, the City did not rely on or mention the "other such data and information" language in Sign Code Section 15.28.090 as support for Solon's denial. Considering that we review the City's denial of Lamar's applications without regard to the correctness of the circuit court's decision, we need not address the propriety of the court's reasoning. Our duty is to determine whether the City acted "in excess of

its jurisdiction or in an irregular pursuit of its authority[.]" *See Esling*, 2003 S.D. 59, ¶ 10, 663 N.W.2d at 677.

[¶9.]        Lamar does not challenge the City's jurisdiction to consider its appeal or its authority to deny its applications. Rather, Lamar avers that nothing in the Sign Code requires it to obtain a conditional use permit before it may alter its existing signs. Therefore, the question is whether the City acted in an irregular pursuit of its authority when it denied Lamar's applications. Importantly, five of the six applications submitted by Lamar involved legal *non-conforming* signs. These five applications were denied because no conditional use permits had been obtained. The application for the sixth sign, however, involved a sign that had been issued a conditional use permit in 2006. Lamar's application for that sign was denied because Solon thought that altering the face of that sign from static to digital constituted a major amendment under City Cody Section 17.54.030(I) (Procedures for authorization of conditional use permits).[3] Because altering the sixth sign was denied for a different reason, we will address it apart from the five legal non-conforming signs.

---

3.     Lamar argues that because the circuit court did not accept the City's argument that the proposed alteration constituted a major amendment to an existing conditional use permit, the City was required to file a notice of review in order to have this Court consider that claim. Indeed, notice of review is required when a court rules adversely to a party on an issue. *See* SDCL 15-26A-22. However, the court did not rule adversely to the City on this issue; it ruled in favor of the City on theories not asserted by either side.

*Legal Non-Conforming Signs*

[¶10.]    The City does not dispute that Sign Code Section 15.28.040 applies to Lamar's request to alter its five existing legal non-conforming signs. That section provides:

> A. Whenever any existing sign is structurally altered, it must be brought into conformance with all requirements of *this code*. Any existing sign that is structurally altered and which does not comply with all requirements of this code shall be deemed unlawful by the Building Official and removed in accordance with § 15.28.040 of the Rapid City Municipal Code.
>
> B. Notwithstanding subsection A. of this section, any legal non-confirming [sic] off-premise [sic] sign or reconstructed by the current permit holder in the same location as it currently exists so long as the alterations of reconstruction of the sign bring it into compliance *with all of the provisions of this chapter* with the exception of any spacing requirements between signs. A sign building permit is required to make the alterations allowed by this subsection.

Sign Code Section 15.28.240 (emphasis added). The dispute is whether the phrase "this code" in subsection (A) refers to the Sign Code or the City Code, and whether subsection (B) is an independent subsection, requiring only compliance with "this chapter."

[¶11.]    Lamar argues that "this code" and "this chapter" mean compliance with the Sign Code. It directs us to various sections in the Sign Code in which the language "Sign Code" and "Rapid City Municipal Code" are used. In Lamar's view, the language used illustrates the difference between the Sign Code and the City Code, and the use of "code" in the Sign Code Section 15.28.240(A) is a reference to the Sign Code, not the City Code.

[¶12.]    The City, on the other hand, argues that "this code" in subsection (A) clearly and unambiguously means the City Code and that Lamar must comply with all provisions of the City Code when altering an existing sign, including the conditional use permit requirements of Title 17. It further argues that subsection (B) does not remove the requirement that an altered sign must be brought into compliance with the City Code, because "traditional rules for legal non-conforming structures" require that altered signs be brought into compliance with all regulations.

[¶13.]    Yet the City cites no traditional rules for legal non-conforming structures. Nor does it indicate how "this chapter" in subsection (B) means something more than the Sign Code, which is a chapter in the City Code. It is fundamental to statutory interpretation that we give the language used its plain meaning. *See Jensen v. Turner Cnty. Bd. of Adjustment*, 2007 S.D. 28, ¶ 5, 730 N.W.2d 411, 413; *see also Moss v. Guttormson*, 1996 S.D. 76, ¶ 10, 551 N.W.2d 14, 17 (citations omitted). Based on our review of the Sign Code, Lamar's requests to alter the five legal non-conforming signs come directly within the purview of subsection (B). Subsection (A) is not implicated, and under Sign Code Section 15.28.240(B), an alteration to an existing legal non-conforming sign is allowed if the sign is brought into compliance with the Sign Code. The City does not dispute that Lamar's proposed alterations would bring its signs into compliance with the Sign Code. Therefore, when the City interpreted Sign Code Section 15.28.240(B) to require conditional use permits, the City unreasonably interpreted and applied its

Sign Code in an irregular pursuit of its authority. *See Esling*, 2003 S.D. 59, ¶ 10, 663 N.W.2d at 677.

*Sign with an Existing Conditional Use Permit*

[¶14.]     In 2005, Lamar applied for a conditional use permit to remove an off-premises sign on West Main Street and construct a new sign at that same location. Lamar's request indicated that it intended to make the east face of the billboard static and the west face digital. A review of Lamar's request resulted in a recommendation to the Rapid City Planning Commission that Lamar be issued a conditional use permit on the requirement that Lamar submit revised plans "indicating that the off-premise [sic] sign will not include any electronic components." The Rapid City Planning Commission considered Lamar's request on January 26, 2006. It did not accept the condition barring the use of a digital sign. The Planning Commission granted Lamar's request with the following stipulations:

> 1. A Sign Permit shall be obtained prior to the construction of the sign;
> 2. The sign shall be located as per submitted plans;
> 3. The maximum height of the sign shall be 30 feet and the maximum size of the sign shall be 250 square feet;
> 4. The billboard sign shall continually comply with all provisions of the Sign Ordinance; and
> 5. The Conditional Use Permit shall expire if the use is not undertaken and completed within two years of the date of approval by the Planning Commission, or if the use as approved has ceased for a period of 2 years.

In 2006, Lamar constructed the new off-premises sign on West Main Street in accord with its conditional use permit.

[¶15.]     Lamar now seeks to alter its existing off-premises sign by converting the east face from static to digital. The City argues that Lamar's conditional use

permit "authorized a digital face to be mounted on one side of the billboard," and therefore, Lamar must apply to amend its previously approved conditional use permit. But there is nothing in the conditional use permit issued by the Planning Commission restricting the sign to one digital face. Nor is there any indication within the minutes of the meeting that Lamar promised to install only one digital face.

[¶16.]     City Code Section 17.54.030(D) gives the Planning Commission the authority to "impose such conditions regarding the location, character or other features of the proposed use or buildings as it may deem advisable[.]" In granting Lamar's conditional use permit in 2006, the Planning Commission issued several conditions, none being a limitation on the number of digital faces Lamar may install. The City, therefore, acted unreasonably and exceeded its jurisdiction when it denied Lamar's request for a sign building permit for this sign.

[¶17.]     Because the City acted in an irregular pursuit of its authority when it denied Lamar's six applications for sign building permits, the circuit court erred in denying a writ of certiorari.

[¶18.]     Reversed.

[¶19.]     GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.