#26327-a-SLZ

**2012 S.D. 90**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

ILA FEDDERSON,                                 Plaintiff and Appellant,

    v.

COLUMBIA INSURANCE GROUP
d/b/a COLUMBIA NATIONAL
INSURANCE CO.,                                 Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
MINER COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE TIM D. TUCKER
Judge

* * * *

CHRIS A. NIPE of
Larson & Nipe
Mitchell, South Dakota                         Attorneys for plaintiff
                                               and appellant.


JEFFREY R. CONNOLLY of
Gunderson, Palmer, Nelson
  & Ashmore, LLP
Rapid City, South Dakota                       Attorneys for defendant
                                               and appellee.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 6, 2012

OPINION FILED **12/19/12**

#26327

ZINTER, Justice

[¶1.]      Columbia Insurance Group (Columbia) insured Ila and Gary Fedderson's business, Whiskey Flow Dining and Minor Alley (Whiskey Flow). After Whiskey Flow was destroyed by fire, Ila and Gary submitted a sworn proof of loss statement. Gary was later convicted of conspiracy to commit arson and insurance fraud in connection with the fire. Because Gary made misrepresentations and committed fraud in submitting the proof of loss statement, Columbia declined to pay Ila benefits. Columbia relied on a condition that voided the policy for fraud or misrepresentation by any insured. Ila sued, contending that she was an innocent insured who was entitled to her share of the claim that related to her fifty percent interest in the business. The circuit court granted summary judgment in favor of Columbia. We affirm.

*Facts and Procedural History*

[¶2.]      Ila and Gary Fedderson owned and operated Whiskey Flow, a restaurant and bowling business located in Howard. In August 2008, they purchased an insurance policy from Columbia. Whiskey Flow was the named insured. The policy covered damage by fire but also contained a "Concealment or Fraud Condition." The condition voided the insurance contract if any insured intentionally concealed or misrepresented a material fact or committed fraud or false swearing in connection with the policy.

[¶3.]      In September 2008, Whiskey Flow was destroyed by fire. Ila and Gary submitted a $1 million claim to Columbia. In their proof of loss statement, Ila and

-1-

Gary swore that an "[u]nknown party started [the] fire." Ila and Gary also swore that "[t]he . . . loss did not originate by any act, design or procurement on the part of your insured, or this affiant . . . ." Gary, however, was later convicted of conspiracy to commit arson and insurance fraud in connection with the fire.

[¶4.] Columbia declined to pay the claim, and Ila sued for the portion of the claim that related to her fifty percent interest in the business. Both Columbia and Ila moved for summary judgment. Columbia asserted that the policy was voided by Gary's fraud and false swearing in submitting the proof of loss statement. Ila asserted that she was an "innocent insured," and therefore, Gary's actions did not void the policy as to her interest in the business. The circuit court denied Ila's motion and granted Columbia's motion. Ila appeals.

*Decision*

[¶5.] "When reviewing a grant of summary judgment, 'we decide only whether genuine issues of material fact exist and whether the law was correctly applied.'" *Wehrkamp v. Wehrkamp*, 2009 S.D. 84, ¶ 5 n.1, 773 N.W.2d 212, 214 n.1 (quoting *Bordeaux v. Shannon Cnty. Sch.*, 2005 S.D. 117, ¶ 11, 707 N.W.2d 123, 126). We view the evidence most favorably to Ila and resolve reasonable doubts against Columbia. *See Metro. Life Ins. Co. v. Kinsman*, 2009 S.D. 53, ¶ 5, 768 N.W.2d 540, 542. "Insurance contract interpretation is a question of law reviewed de novo." *Batiz v. Fire Ins. Exch.*, 2011 S.D. 35, ¶ 10, 800 N.W.2d 726, 728.

[¶6.]    Ila's "rights and obligations" under the "insurance contract are determined by the language of the contract[.]"[1]  *See State Farm Fire & Cas. Co. v. Harbert*, 2007 S.D. 107, ¶ 17, 741 N.W.2d 228, 234.  The concealment or fraud condition in Columbia's policy provided:

> This entire policy shall be void if, whether before or after a loss, *any insured* has intentionally concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof or the interest of any insured therein, or in the case of any fraud or false swearing by *any insured* relating thereto.

(Emphasis added.)  We interpret this language according to its plain and ordinary meaning without forcing a construction or making "a new contract for the parties."  *See Stene v. State Farm Mut. Auto Ins. Co.*, 1998 S.D. 95, ¶ 14, 583 N.W.2d 399, 402.

[¶7.]    There is no dispute that the fraud condition applied to fraud or misrepresentation by "any insured."  Ila, however, argues that the condition did not apply because Gary was not an "insured."  Ila points out that Whiskey Flow was the named insured in the policy.

[¶8.]    However, Ila's theory of recovery is premised on both Gary's and her status as insureds.  Ila and Gary signed the proof of loss statement as "insureds."

---

1.    The parties have not identified a South Dakota statute mandating a standard form of fire insurance coverage.  Therefore, we only rely on Columbia's policy language.  Ila's cases finding coverage because the policy did not conform to statutory coverage requirements are inapposite.  *See, e.g.*, *Watson v. United Servs. Auto. Ass'n*, 551 N.W.2d 500, 501-03 (Minn. Ct. App. 1996); *Lane v. Sec. Mut. Ins. Co.*, 747 N.E.2d 1270, 1271-72 (N.Y. 2001).

In her answers to Columbia's request for admissions, Ila admitted that Gary was an "insured." And on appeal, Ila argues that she is entitled to recover because she was an innocent coinsured. Moreover, the policy provided that even though Ila and Gary were not named insureds, they were "insureds." The Whiskey Flow business entity was insured as an "Individual." The policy provided that when the insured business entity was denominated as an "Individual," then "you [Ila] and your spouse [Gary]" are the "insureds" with respect to the business. Therefore, Gary was an "insured" within the meaning of the "any insured" language in the fraud condition.

[¶9.] Ila also argues that the fraud condition did not void the policy as to her interest because she was an *innocent* coinsured. Ila contends that the fraud condition does not indicate whether a coinsured's liability for fraud is joint or several. Ila relies on cases observing that joint liability for fraud generally prohibits recovery by an innocent coinsured, but several liability allows recovery to the extent of the innocent coinsured's interest. Ila argues that we should adopt the several liability view because Columbia's fraud condition is ambiguous on the joint versus several liability question. *See Econ. Aero Club, Inc. v. Avemco Ins. Co.*, 540 N.W.2d 644, 645 (S.D. 1995) ("If the language of the policy is ambiguous, the policy should be construed liberally in favor of the insured and strictly against the insurer."); *Howell v. Ohio Cas. Ins. Co.*, 327 A.2d 240, 243 (N.J. Super. Ct. App. Div. 1974) ("[U]nless the terms thereof are plainly to the contrary and in some fashion clearly called to the attention of the insureds, the obligation of the carrier should be considered several as to each person insured, and the fraud or misconduct of one

insured should not bar recovery by the innocent co-insureds to the extent of their respective interests in the property involved."). *See also Rena, Inc. v. Brien*, 708 A.2d 747, 758-59 (N.J. Super. Ct. App. Div. 1998) (noting that several jurisdictions allow an innocent coinsured to recover despite another coinsured's wrongful acts if no policy provision unambiguously provides otherwise).

[¶10.]     Ila's cases are distinguishable because the language of Columbia's fraud condition unambiguously imposed joint liability on all coinsureds for the fraud of the other coinsureds. The condition expressly voided Columbia's policy for the fraud of "*any* insured." (Emphasis added.) In contrast, Ila's cases involved the interpretation of policy language prohibiting fraud by "the insured," or they only involved a discussion of the joint versus several liability theory without regard to the "any insured" policy language.[2] A New Jersey court explained the significance of Columbia's type of policy language and the distinction between conditions prohibiting fraud by "the insured" and fraud by "any insured":

> An increasing number of courts . . . hold that the right of innocent coinsureds to recover after fraud or misrepresentation by an insured is based upon the language of the insurance policy. Thus, a provision voiding a policy for willful and fraudulent misrepresentation by "the insured" before or after a loss voids the policy only for the person(s) responsible for the fraud and not for innocent coinsureds. On the other hand, a provision voiding a policy for fraud or misrepresentation by "any

---

2.     *See Hosey v. Seibels Bruce Grp., S.C. Ins. Co.*, 363 So. 2d 751, 752 (Ala. 1978); *Steigler v. Ins. Co. of North Am.*, 384 A.2d 398, 399-402 (Del. 1978); *St. Paul Fire & Marine Ins. Co. v. Molloy*, 433 A.2d 1135, 1142 (Md. 1981); *Morgan v. Cincinnati Ins. Co.*, 307 N.W.2d 53, 54-55 (Mich. 1981); *Howell*, 327 A.2d at 242; *Winter v. Aetna Cas. & Sur. Co.*, 409 N.Y.S.2d 85, 87 (N.Y. Special Term 1978); *Ryan v. MFA Mut. Ins. Co.*, 610 S.W.2d 428, 437 (Tenn. Ct. App. 1980).

insured" expresses an intent to create joint obligations, [and] therefore prohibits recovery by innocent coinsureds.

*Rena*, 708 A.2d at 756-57 (quoting 5A John Alan Appleman & Jean Appleman, *Insurance Law and Practice* § 3594 (Supp. 1997)).

[¶11.]     Thus, courts interpreting language involving fraud by "any insured" or "an insured" conclude that such language unambiguously indicates that the coinsureds' obligations are joint. *See, e.g., Amick v. State Farm Fire & Cas. Co.,* 862 F.2d 704, 706 (8th Cir. 1988); *Sales v. State Farm Fire & Cas. Co.,* 849 F.2d 1383, 1385 (11th Cir. 1988); *Spezialetti v. Pac. Emp'rs Ins. Co.,* 759 F.2d 1139, 1141-42 (3d Cir. 1985); *McCauley Enters., Inc. v. N.H. Ins. Co.,* 716 F. Supp. 718, 721 (D. Conn. 1989); *State Farm Fire & Cas. Ins. Co. v. Kane,* 715 F. Supp. 1558, 1561-62 (S.D. Fla. 1989); *Bryant v. Allstate Ins. Co.,* 592 F. Supp. 39, 41-42 (E.D. Ky. 1984); *Trinity Universal Ins. Co. v. Kirsling,* 73 P.3d 102, 104-05 (Idaho 2003); *Vance v. Pekin Ins. Co.,* 457 N.W.2d 589, 592-93 (Iowa 1990); *Woodhouse v. Farmers Union Mut. Ins. Co.,* 785 P.2d 192, 193-94 (Mont. 1990); *Volquardson v. Hartford Ins. Co. of the Midwest,* 647 N.W.2d 599, 605-06 (Neb. 2002); *McAllister v. Millville Mut. Ins. Co.,* 640 A.2d 1283, 1288-89 (Pa. Super. Ct. 1994); *Dolcy v. R.I. Joint Reinsurance Ass'n,* 589 A.2d 313, 315-16 (R.I. 1991). And when the coinsureds' liability and obligations are joint, there is no coverage for an innocent coinsured's claim when another coinsured engaged in wrongdoing. *See id.* (all indicating that the "any insured" or "an insured" policy language denotes joint liability, which voids the entire policy if one coinsured engaged in wrongdoing).

[¶12.] In this case, the insurance contract explicitly voided the policy if "any insured" misrepresented a material fact or committed fraud relating to the policy. This language is unambiguous. Gary's fraud and misrepresentation contractually voided the policy as to all coinsureds. *See Rena,* 708 A.2d at 757-58 (discussing cases from fourteen jurisdictions where each court determined that unambiguous policy language precluded an innocent coinsured from recovering). Because the language in Ila's policy unambiguously voided the policy for fraud or misrepresentation by "any insured," we need not engage in general joint versus several liability analysis. Under Columbia's condition, Ila was specifically responsible for Gary's fraud.

[¶13.] Ila finally argues that she is entitled to recover under the policy's "Control of Property Condition." That condition provided that "any act or neglect of any person *other than you* beyond your direction or control will not affect this insurance." (Emphasis added.) Ila points out that she was not involved in the arson, and Gary's wrongful and fraudulent acts were not undertaken at her direction or control. Therefore, Ila contends that the control of property condition explicitly affirms her right to recover, or at the very least, creates an ambiguity because that condition conflicts with the fraud condition. We disagree.

[¶14.] The Supreme Court of Virginia concluded that the word "you" in an identical control of property condition included any insured. *K & W Builders, Inc. v. Merchs. & Bus. Men's Mut. Ins. Co.,* 495 S.E.2d 473, 477 (Va. 1998). Ila's argument, which assumes that the word "you" only includes her, "ignores the indisputable fact

that there are other insureds under the policy." *See id.* at 476-77. And because "the act or neglect in question was not attributed to a person or entity other than [an insured], the Control of Property provision simply does not apply . . . ." *Id.* at 477. This interpretation also renders the control of property condition consistent with the concealment or fraud condition. Each condition "negate[s] coverage for all insureds based upon the acts of any coinsured." *Id.* (alteration in original).

[¶15.]     We agree that the word "you" in the control of property condition refers to all insureds.[3] And because both Gary and Ila were insureds, the control of property condition did not apply. Further, no conflict or ambiguity existed between the control of property and the concealment or fraud conditions. Under both conditions, coinsureds were contractually responsible for the acts of the other coinsureds. *See id.*

---

3.     The policy defines "you" as the named insured (Whiskey Flow). However, there is nothing in the record to suggest that the Feddersons were doing business in any capacity other than as individuals. Indeed, the record reflects that the business was insured as an "individual" and not as a separate legal entity. Under those circumstances, limiting the meaning of "you" to the named insured would lead to an absurd result. Whiskey Flow could not "act" within the meaning of the control of property condition except through its owners, who the policy defined as insureds "with respect to the business of which you are the sole owner." If the individual insureds are not included within the meaning of the word "you," the control of property condition would have no meaning because all "acts" or "neglect" with respect to property would be the act or neglect of someone other than Whiskey Flow, the named insured. Such an interpretation would immunize rather than hold responsible those with the insurable interest in the property. We must interpret this provision to avoid such an absurd result. *See Nelson v. Schellpfeffer*, 2003 S.D. 7, ¶ 12, 656 N.W.2d 740, 743 ("[T]his Court is constrained from interpreting a contract literally if doing so would produce an absurd result.").

[¶16.] Gary's misrepresentation and fraud voided the policy. We affirm the circuit court's grant of Columbia's motion for summary judgment.

[¶17.] GILBERTSON, Chief Justice, and KONENKAMP, SEVERSON, and WILBUR, Justices, concur.