#26372-a-GAS

**2013 S.D. 51**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

TRACY PARRIS,                                          Plaintiff and Appellant,

v.

CITY OF RAPID CITY, a
Municipal Corporation of the
State of South Dakota,                              Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JOHN J. DELANEY
Retired Judge

THE HONORABLE WALLY EKLUND
Judge

\* \* \* \*

MICHAEL K. SABERS of
Clayborne, Loos & Sabers, LLP
Rapid City, South Dakota                    Attorneys for plaintiff
                                                              and appellant.


TIMOTHY J. BECKER of
Banks, Johnson, Kappelman & Becker, PLLC
Rapid City, South Dakota                    Attorneys for defendant
                                                              and appellee.

\* \* \* \*

ARGUED FEBRUARY 12, 2013

OPINION FILED **07/10/13**

#26372

SEVERSON, Justice

[¶1.]	Property owner, Tracy Parris (Parris), sought to expand the buildings on his property. To do so, Parris asked the City of Rapid City (the City) to rezone a portion of his property zoned within the Flood Hazard Zoning District. The request was denied. The City also denied Parris' building permits, in part, because the proposed expansion extended to a portion of his property zoned within the Flood Hazard Zoning District. Parris unsuccessfully appealed the City's denial of his permits to the Zoning Board of Adjustment. Parris then filed a complaint with the circuit court, which included: a writ of certiorari, a request for declaratory judgment, a writ of mandamus, a civil rights claim under 42 U.S.C. § 1983, and a state constitutional claim. After Parris filed suit, the City agreed to extend the non-Flood Hazard portion of Parris' Lot Five to the 500-year floodplain. In 2006, the circuit court denied Parris' writ of certiorari but Parris' additional claims remained. Shortly thereafter, the litigation was stayed until 2008. In July 2008, the City filed for summary judgment on Parris' remaining claims. In 2012, the circuit court granted summary judgment in favor of the City. Parris appeals. We affirm.

## Background

[¶2.]	Parris owned and resided on property adjacent to Rapid Creek and upstream of Canyon Lake in Rapid City. Parris purchased the 7.76 acre property in November 2002. The property included two buildings. Both buildings were constructed in 1988 by the previous property owner. At the closest point, the buildings were separated by twenty feet. Beginning in 2003, Parris sought to begin

a two-phase construction project. The first phase would expand the smaller two-story building, and the second phase would connect the buildings.

[¶3.]     In September 2003, Parris began to excavate and clear land on his property with the goal of expanding his second building. In March 2005, Parris filed a rezone application with the City Council, asking that the City rezone portions of his property that were within the Flood Hazard Zoning District. Specifically, Parris requested that the City rezone Lot Five of his property. The City Council denied Parris' rezone request in August 2005.

[¶4.]     Parris also filed building permits with the City, which were denied in February 2006. The City denied the permits, in part, because the proposed expansion crossed into the Flood Hazard Zoning District. Parris appealed the denial of his permits to the Zoning Board of Adjustment (the Zoning Board). Parris argued that portions of his property were improperly and illegally zoned within the Flood Hazard Zoning District. The Zoning Board considered Parris' appeal at a hearing held March 7, 2006. The Board denied Parris' appeal in a 5-0 vote.

[¶5.]     On April 4, 2006, Parris filed a complaint with the circuit court, which included: a writ of certiorari under SDCL 11-4-26, a request for declaratory judgment, a writ of mandamus, a civil rights claim under 42 U.S.C. § 1983, and a state constitutional claim. In May 2006, the City partially granted Parris' rezone request, which would enable him to build to the 500-year floodplain on Lot Five. The zoning adjustment to Parris' Lot Five was set forth in Rapid City Ordinance 5151. The City then moved to dismiss Parris' writ of certiorari. The circuit court granted the City's motion and dismissed the writ of certiorari in September 2006. A

few months later, the litigation was stayed. The stay remained in place until over a year later in March 2008. In July 2008, the City filed for summary judgment on Parris' remaining claims. In March 2012, the circuit court granted summary judgment in favor of the City. Parris appeals.

[¶6.]     To address Parris' arguments, we must also consider the history of the floodway zoning surrounding Rapid Creek, which is adjacent to Parris' property. In June 1972, Rapid City suffered a devastating flood.[1] Following the flood, the City took steps to minimize future flood damage by establishing a 100-year floodplain boundary and a 500-year floodplain boundary surrounding Rapid Creek.

[¶7.]     In 1975, the City set forth the specific boundaries of the Floodway Zoning District (later renamed the Flood Hazard Zoning District) by passing Ordinance 1522. In doing so, the City used straight lines and lot lines rather than the actual floodplain boundaries. Accordingly, the Floodway Zoning District was more expansive than the boundaries of the 500-year floodplain. Because of this, on request, the City allowed property owners to rezone portions of their property that were outside of the actual floodplain but labeled within the Floodway Zoning District. It is under this policy that Parris' predecessor in interest was allowed to rezone lots two through four of Parris' property.

[¶8.]     However, the City's general rezone policy changed in 1992 based on the findings of the Floodplain Boundary Committee (the Committee). The Committee found that during the 1972 flood, much of the debris that caused damage came from

---

1.     Over 3,000 people were injured and 238 died. The flood destroyed 1,335 homes and 5,000 vehicles. Damages totaled $160 million.

property upstream of Canyon Lake. Specifically, the Committee recommended undertaking a policy (the Policy) that would deny property owners' requests to rezone floodplain areas *upstream* of Chapel Lane Bridge between the 100-year and 500-year floodplains. However, property owners *downstream* of Chapel Lane Bridge would be allowed to rezone floodplain property between the 100-year and 500-year floodplains. It is under this policy that the City refused to rezone Lot Five of Parris' property between the 100-year and 500-year floodplains.

[¶9.] On appeal, we consider the following issues:

1. Whether the City's enforcement of Ordinance 1522 and its Policy that prohibits Parris from building between the 100-year and 500-year floodplains violates Rapid City Ordinance 1393, Rapid City Ordinance 1434, SDCL 11-4-3, or SDCL 11-4-8.

2. Whether the circuit court erred in denying Parris' writ of certiorari and in granting summary judgment in favor of the City on Parris' remaining claims.

## Standard of Review

[¶10.] "The interpretation of an ordinance presents a question of law reviewable de novo." *Atkinson v. City of Pierre*, 2005 S.D. 114, ¶ 10, 706 N.W.2d 791, 795 (quoting *City of Marion v. Rapp*, 2002 S.D. 146, ¶ 5, 655 N.W.2d 88, 90). "Our review of certiorari proceedings is limited to whether the challenged court, officer, board, or tribunal had jurisdiction and whether it regularly pursued its authority." *Lamar Adver. of S.D., Inc. v. Zoning Bd. of Adjustment*, 2012 S.D. 76, ¶ 7, 822 N.W.2d 861, 863 (quoting *Esling v. Krambeck*, 2003 S.D. 59, ¶ 6, 663 N.W.2d 671, 675). Further, "[t]his Court reviews entry of summary judgment de novo." *Hass v. Wentzlaff*, 2012 S.D. 50, ¶ 11, 816 N.W.2d 96, 101 (citing *Adrian v. Vonk*, 2011 S.D. 84, ¶ 8, 807 N.W.2d 119, 122).

## Analysis

[¶11.]     1.     **Whether the City's enforcement of Ordinance 1522 and its Policy that prohibits Parris from building between the 100-year and 500-year floodplains violates Rapid City Ordinance 1393, Rapid City Ordinance 1434, SDCL 11-4-3, or SDCL 11-4-8.**

[¶12.]     It is well within a municipality's "power to enact zoning ordinances." *Law v. City of Sioux Falls*, 2011 S.D. 63, ¶ 9, 804 N.W.2d 428, 432 (citing SDCL 9-19-3; SDCL ch. 11-4). A "city's 'action will be sustained unless in its proceedings it did some act forbidden by law or neglected to do some act required by law.'" *Esling*, 2003 S.D. 59, ¶ 10, 663 N.W.2d at 677 (quoting *Save Centennial Valley Ass'n, Inc. v. Schultz*, 284 N.W.2d 452, 454 (S.D. 1979)). "The purpose of zoning is not to . . . permit the maximum possible enrichment of a particular landowner. Rather, zoning is designed to benefit a community generally by sensible planning of land uses[.]" *Id.* ¶ 12, 725 N.W.2d at 246 (citing 101A C.J.S. *Zoning and Land Planning* § 3 (2005)).

*Relationship between Rapid City Ordinances 1393 and 1434, and Rapid City Ordinance 1522*

[¶13.]     Parris argues that Rapid City Ordinances 1393 and 1434 require that the City allow him to rezone his property between the 100-year and 500-year floodplains as non-Flood Hazard. It is important to recognize, however, the relationship between Ordinances 1393 and 1434, and Ordinance 1522. Ordinances 1393 and 1434 provide general definitions and regulations.[2] For example, Rapid

---

2.     Both ordinances define the floodway as: "The channel of the water course and those portions of the adjoining flood plains which are reasonably required to

(continued . . .)

City Ordinance 1393 "provid[es] for a floodway zoning district and all things necessary including but not limited to definitions, boundaries, enforcement, administration and amendment of said zoning district." Further, Rapid City Ordinance 1434 "provid[es] for a flood fringe building district and regulations for building within said district." Alternatively, Rapid City Ordinance 1522 provides specific boundaries that create and outline the *actual* Floodway Zoning District (Flood Hazard Zoning District). While Ordinances 1393 and 1434 provide general definitions, 1522 is the operative ordinance because it outlines the *actual* Floodway Zoning District.

[¶14.]       Parris argues that the definition of "regulatory flood" within Ordinances 1393 and 1434 requires that his land be rezoned as non-Flood Hazard between the 100-year and 500-year floodplains. Both ordinances define regulatory flood as follows: "[t]he regulatory flood generally has a frequency of approximately 100 years determined from an analysis of floods on a particular stream and other streams in the same general region."

[¶15.]       Parris' argument that the definition of regulatory flood allows him to rezone his property is without merit. As stated above, Ordinances 1393 and 1434 provide general definitions for the floodway zoning and flood fringe districts, respectively. They do not specifically outline the boundaries of these districts. Rather, the specific boundaries of the Floodway Zoning District are outlined in Ordinance 1522. Therefore, the definition of "regulatory flood" within Ordinances

_____

(. . . continued)
     carry and discharge the regulatory flood. This is or may be greater than the
     floodway zoning district."

1393 and 1434 does not require that Parris be allowed to rezone his property between the 100-year and 500-year floodplains as non-Flood Hazard.

*Ordinance 1522 is Not Void*

[¶16.] Parris further argues that Ordinance 1522 is void because it exceeds the actual floodway, utilizes straight-line zoning, and violates SDCL 11-4-3. "[R]egulations shall be made in accordance with a comprehensive plan . . . to promote health and the general welfare[.]" SDCL 11-4-3. "Such regulations shall be made with reasonable consideration, among other things, to the character of the district, and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality." *Id.*

[¶17.] "A significant function of local government is to provide for orderly development by enacting and enforcing zoning ordinances." *Schafer*, 2006 S.D. 106, ¶ 12, 725 N.W.2d at 245. Those municipal zoning ordinances are afforded a presumption of validity. *City of Brookings v. Winker*, 1996 S.D. 129, ¶ 4, 554 N.W.2d 827, 829 (citing *City of Colton v. Corbly*, 323 N.W.2d 138, 139 (S.D. 1982)). "The burden of overcoming this presumption is on the party challenging its legitimacy and he or she must show the ordinance is unreasonable arbitrary." *Id.* "Something more than abstract considerations is needed to demonstrate arbitrariness. *Id.* (citing *Tillo v. City of Sioux Falls*, 82 S.D. 411, 416, 147 N.W.2d 128, 130 (1966)).

[¶18.] Further, in challenging the original boundaries of Ordinance 1522, Parris fails to provide legal authority to support his contention that straight-line

zoning is inherently arbitrary. SDCL 11-4-2 provides: "For any or all of said purposes the governing body may divide the municipality into districts of such number, shape, and area as may be deemed best suited to carry out the purposes of this chapter[.]" In addition, those districts "shall be made in accordance with a comprehensive plan[.]" SDCL 11-4-3. Further, this Court has previously stated: "a property owner can challenge a zoning restriction if the measure is 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.'" *Schafer*, 2006 S.D. 106, ¶ 12, 725 N.W.2d at 246 (citing *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395, 47 S. Ct. 114, 121, 71 L. Ed. 303 (1926)).

[¶19.]      Parris has failed to establish that the City's zoning set forth in Ordinance 1522 is arbitrary. On the contrary, the record reflects that the City's decision to maintain portions of the Flood Hazard Zoning District upstream of Chapel Lane Bridge is consistent with ensuring the health, safety and general welfare of the Rapid City citizens. The floodway was established to ensure the community's safety and to minimize property damage in the event of future flooding. Accordingly, Ordinance 1522 does not violate SDCL 11-4-3 because the ordinance is consistent with "promot[ing] health and the general welfare." *See* SDCL 11-4-3. Therefore, Ordinance 1522 is not void and the City's actions do not violate Ordinance 1393, Ordinance 1434, or SDCL 11-4-3.

*The City's Policy*

[¶20.]      Parris also argues that the City's Policy, whereby property within the Flood Hazard Zoning District upstream of Chapel Lane Bridge can only be rezoned

to the 500-year floodplain, violates Ordinances 1393 and 1434, as well as SDCL 11-4-8. SDCL 11-4-8 provides the notice and procedure for amending a regulation: "Any such modification . . . shall be proposed in an ordinance presented to the governing body for adoption in the same manner and upon the same notice as required for the adoption of the original ordinance."

[¶21.]     Parris argues that by enforcing its Policy, the City wrongfully overrode Ordinances 1393 and 1434. As discussed above, however, Ordinances 1393 and 1434 do not conflict with the City's Policy. The City's Policy provides that landowners upstream of Chapel Lane Bridge can seek to rezone portions of their property that are zoned within the Flood Hazard Zoning District, yet not within the 500-year floodplain. Alternatively, landowners downstream of Chapel Lane Bridge can rezone portions of their property between the 100-year and 500-year floodplains. When property owners are granted a rezone, those changes are set forth within a new ordinance. When the City rezoned Lot Five of Parris' property, for example, the change was set forth in Ordinance 5151. Accordingly, when the City changed the boundary, it acted in compliance with SDCL 11-4-8. Therefore, the City's Policy regarding rezone requests upstream and downstream of Chapel Lane Bridge is valid.

[¶22.]     **2.     Whether the circuit court erred in denying Parris' writ of certiorari and in granting summary judgment in favor of the City on Parris' remaining claims.**

*Writ of Certiorari*

[¶23.]     Parris argues that the circuit court erred in denying his motion for writ of certiorari, which challenged the legality of the Zoning Board's decision to affirm

the denial of Parris' building permits. The City denied Parris' building permits due to height restrictions, square footage restrictions, and because the plans extended into an area that was zoned within the Flood Hazard Zoning District. However, we decline to discuss the height and square footage restrictions because of Parris' contention that the City's denial of the building permits based on the height and square footage restrictions are not a part of this appeal. Further, Parris' building permits before the Zoning Board did not include plans to build between the 100-year and 500-year floodplains. Therefore, because Ordinance 5151 rezoned Parris' property such that he could build to the 500-year floodplain, Parris' argument is moot.

*Summary Judgment*

[¶24.] "When reviewing a grant of summary judgment, 'we decide only whether genuine issues of material fact exist and whether the law was correctly applied.'" *Fedderson v. Columbia Ins. Grp.*, 2012 S.D. 90, ¶ 5, 824 N.W.2d 793, 795 (quoting *Wehrkamp v. Wehrkamp*, 2009 S.D. 84, ¶ 5 n.1, 773 N.W.2d 212, 214 n.1). When "the material facts are undisputed . . . 'our review is limited to determining whether the trial court correctly applied the law.'" *Wheeler v. Farmers Mut. Ins. Co. of Neb.*, 2012 S.D. 83, ¶ 8, 824 N.W.2d 102, 105 (quoting *De Smet Ins. Co. of S.D. v. Pourier*, 2011 S.D. 47, ¶ 4 n.1, 802 N.W.2d 447, 448 n.1). "If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper." *Hass*, 2012 S.D. 50, ¶ 11, 816 N.W.2d at 101 (quoting *Saathoff v. Kuhlman*, 2009 S.D. 17, ¶ 11, 763 N.W.2d 800, 804).

[¶25.] Parris argues that the circuit court erred in granting summary judgment based on the illegal actions of the City. Specifically, Parris argues that the City failed to comply with Ordinances 1393 and 1434; the City's enforcement of Ordinance 1522 is invalid; and the City's Policy, which provides that property owners upstream of Chapel Lane Bridge can only rezone property as non-Flood Hazard to the 500-year floodplain, is invalid. As discussed above, Parris' arguments are without merit. Therefore, we affirm the circuit court's grant of summary judgment in favor of the City on counts two through five of Parris' complaint.

## Conclusion

[¶26.] Ordinances 1393 and 1434 do not require that Parris be allowed to rezone his property between the 100-year and 500-year floodplains as non-Flood Hazard. Further, Parris has not met his burden of proof that Ordinance 1522 and the City's Policy are contrary to South Dakota statutes or the City's comprehensive zoning plan as required by SDCL 11-4-3. Therefore, the circuit court did not err in dismissing Parris' writ of certiorari and granting summary judgment in favor of the City on Parris' remaining claims.

[¶27.] Affirmed.

[¶28.] GILBERTSON, Chief Justice, and ZINTER and WILBUR, Justices, and DEVANEY, Circuit Court Judge, concur.

[¶29.] DEVANEY, Circuit Court Judge, sitting for KONENKAMP, Justice, disqualified.