#26821-rev & rem-JKK
**2014 S.D. 21**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

| | |
|---|---|
| JOHN B. HOLSTI and MARK HOLSTI a/k/a JOSEPH M. HOLSTI, | Plaintiffs and Appellees, |
| v. | |
| ALTA KIMBER, presumed deceased, MERLYN SOFFA, deceased, FRANK SOFFA, presumed deceased, M.A. HASLERUD a/k/a MEREDITH A. HASLERUD, deceased, NORMA HASLERUD, presumed deceased, SELMER JEROME HJELMELAND, NORMAN FLAGSTAD, RANDY NELSON, KENNETH LEOM and GEORGE ALBERT, | Defendants, |
| and | |
| SEVERT KVALHEIM, deceased, | Defendant, |
| and | |
| SYLVIA HJELMELAND, KATHERINE E. HJELMELAND, GREGORY J. HJELMELAND, NORMAN R. FLAGSTAD, NINA GREV f/k/a NINA NELSON, LOIS LEOM, JANET C. ALBERT, | Defendants and Appellants. |

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
HARDING COUNTY, SOUTH DAKOTA
\* \* \* \*
THE HONORABLE JOHN W. BASTIAN
Retired Judge
\* \* \* \*

CONSIDERED ON BRIEFS
ON MARCH 24, 2014
OPINION FILED **04/16/14**

DWIGHT A. GUBBRUD
KELLEN B. WILLERT
Bennett, Main & Gubbrud, PC
Belle Fourche, South Dakota   Attorneys for plaintiffs
            and appellees.


HAVEN L. STUCK
DANA VAN BEEK PALMER of
Lynn, Jackson, Shultz & Lebrun PC
Rapid City, South Dakota    Attorneys for defendants
            and appellants.

#26821

KONENKAMP, Justice

[¶1.]        In this quiet title action, the circuit court granted summary judgment, ruling that the surface estate owners had succeeded to the ownership of the previously severed mineral interests because those interests were abandoned for nonuse under SDCL 43-30A-2.

## Background

[¶2.]        In 1967, Severt Kvalheim conveyed certain real property to Gordon Holsti by warranty deed.  Kvalheim reserved fifty percent of the mineral rights for himself.  The deed was recorded in Harding County, South Dakota and described the land as:

> Township 21 North, Range 2 East, Black Hills Meridian,
> Harding County, SD: Section 8: SW 1/4

Kvalheim's address was listed on the deed as "Westhope, N.Dak."  That same year, he executed his Last Will and Testament devising to each of his eight heirs a one-eighth interest in his estate.  He died in North Dakota on October 9, 1969.

[¶3.]        In 2007, Gordon Holsti conveyed the surface estate to his sons, John and Mark (the Holstis).  The Holstis believed that Kvalheim's mineral interest had lapsed and been abandoned because of nonuse.  In January 2012, they published a notice of lapse of mineral interest in the official Harding County newspaper.  *See* SDCL 43-30A-6.  The notice was published once a week for three weeks as required.  The Holstis did not mail notice of the lapse to Kvalheim, because he died in 1969 as a single man.  They made no inquiry into who was the owner of Kvalheim's mineral interest following his death.

[¶4.]     In May 2012, when no one filed a statement of claim asserting ownership of the mineral interest severed from the subject property, the Holstis brought a quiet title action. They alleged that Kvalheim's mineral interest had been abandoned because of nonuse under SDCL 43-30A-2. They further alleged that Gordon Holsti had succeeded in ownership of Kvalheim's severed mineral interest because, in August and September 1996, Gordon published a notice of lapse of mineral interest in the official Harding County newspaper once a week for three weeks, which notices and affidavit were recorded in the Harding County Register of Deeds Office in accord with SDCL 43-30A-6. The Holstis also claimed that they succeeded to the ownership of Kvalheim's mineral interest based on their publication of the notice of lapse in compliance with SDCL 43-30A-6. They requested a judgment declaring their ownership, in fee simple, of the mineral estate.

[¶5.]     In their suit, the Holstis named Kvalheim's heirs as parties, because "there are various documents/leases/affidavits of record indicating [the heirs] claim an interest in the minerals," although "none of these defendants are record owners of any interest[.]" Sylvia Hjelmeland, Gregory J. Hjelmeland, Norman Flagstad, Norman R. Flagstad, Nina Grev, aka Nina Nelson, Randy Nelson, Lois Leom, Kenneth Leom, and Janet Albert (the heirs) answered the complaint, asserting that the mineral interest was not abandoned under SDCL 43-30A-2 and did not lapse under SDCL 43-30A-6. The heirs pointed to multiple 1978 oil and gas leases recorded in Harding County, a 1994 statement of claim recorded by Nina Grev in Harding County, and the two mineral deeds recorded by Sylvia Hjelmeland in

Harding County in 1998 and 2011, respectively.[1] The parties made cross-motions for summary judgment.

[¶6.] Following a hearing, the circuit court ruled in a memorandum decision that the mineral interest formerly owned by Kvalheim had been unused for more than forty-three years, and therefore, was abandoned under SDCL 43-30A-2. In a footnote, the court found that the deeds and oil and gas leases filed by the heirs in 1978 did not meet the "deemed to be used" requirement of SDCL 43-30A-3, "because Severt Kvalheim's mineral interest was never conveyed to any of the defendants by a written, recorded document." It further found that no statement of claim was filed in compliance with SDCL 43-30A-4, although it did not specifically address Nina Grev's statement of claim filed in 1994.

[¶7.] The court also ruled that the Holstis met the requirements of SDCL 43-30A-6 and gave proper notice of the lapse of the mineral interest, even though they did not serve notice of the lapse on Kvalheim, his heirs, or any claimed mineral interest owner. The court found that "[a]ny mailing would have been futile," because Kvalheim died a single man in North Dakota. In a footnote, the court wrote that Gordon Holsti had previously filed a notice of lapse of mineral interest and that no statement of claim had been filed within sixty days after the last notice as required by SDCL 43-30A-6. The court, however, did not rule that Gordon Holsti succeeded to the ownership of Kvalheim's mineral interest because of Gordon's 1996

---

1.    The oil and gas leases were filed by: (1) Norman Flagstad and his son, Norman R. Flagstad, (2) Lois Leom, (3) Janet Albert, (4) Nina Grev, aka Nina Nelson, and (5) Sylvia and Jerome Hjelmeland.

notice of lapse publications. But it found that the Holstis complied with SDCL 43-30A-6, and therefore, succeeded to the ownership of Kvalheim's mineral interest. It ruled that SDCL 43-30A-6 does not mandate that the Holstis make a reasonable inquiry into the ownership of Kvalheim's mineral interest and give notice to the heirs, because the record owner was listed and there was no other record owner of the mineral interest.

[¶8.] The circuit court entered judgment, ruling that the Holstis are "now the owners of the entire mineral interest (including that interest reserved by Severt Kvalheim in the Warranty Deed dated January 24, 1967)[.]" On appeal, the heirs assert that the court erred when it concluded that Kvalheim's mineral interest had been abandoned under SDCL 43-30A-2, -3. They also contend that the court erred when it interpreted SDCL 43-30A-6 to mean that the Holstis were not required to give notice of the lapse of the mineral interest to the heirs.[2]

## Analysis and Decision

[¶9.] The heirs contend that the circuit court erroneously interpreted SDCL 43-30A-3 to require (1) that any *use* of a mineral interest be by a "record owner," and (2) that any conveyance, lease, or deed must make a specific reference to the mineral interest that was recorded in Harding County. The heirs emphasize that

---

2.    On appeal from summary judgment, "we review de novo whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law." *Law Capital, Inc. v. Kettering*, 2013 S.D. 66, ¶ 10, 836 N.W.2d 642, 645 (citing SDCL 15-6-56(c); *Horne v. Crozier*, 1997 S.D. 65, ¶ 5, 565 N.W.2d 50, 52). Statutory interpretation is a question of law reviewed de novo. *Lamar Adver. of S.D., Inc. v. Rapid City Zoning Bd. of Adjustment*, 2012 S.D. 76, ¶ 7, 822 N.W.2d 861, 863.

the definition of "deemed to be used" in SDCL 43-30A-3(4) does not refer to the record owner, just that a conveyance and valid lease be "recorded in the office of the register of deeds for the county in which the mineral interest is located[.]" As proof that the mineral interest has not been abandoned, the heirs direct us to the multiple documents entitled "Oil and Gas Lease" filed in 1978, which were recorded in Harding County by certain Kvalheim heirs, which listed the subject interest as "Township 21 North, Range 2 east, BHM Section 8: SW 1/4," the statement of claim filed by Nina Grev in 1994 and recorded in Harding County, and the two documents entitled "Mineral Deed" recorded by Sylvia Hjelmeland in 1998 and 2011, respectively, both listing the subject interest as Township 21 North, Range 2 east, BHM Section 8: SW 1/4.

[¶10.]        In response, the Holstis assert that the oil and gas leases, the statement of claim, and the deeds are "wild" instruments, which are outside the chain of title. Because these instruments are outside the chain of title, the Holstis contend that the heirs could not satisfy the requirements of SDCL 43-30A-3. They also argue that, under SDCL 43-30A-3, a mineral interest is not used *unless* a valid lease *"makes a specific reference to the mineral interest*[.]" (Emphasis added.) Because the leases filed by the heirs did not specifically refer to Kvalheim's mineral interest, the Holstis contend the leases are invalid. Alternatively, they argue that even if the heirs are the owners of the mineral interest, one owner's purported use cannot result in use for the other purported owners, because each person only owns one-eighth of Kvalheim's interest.

[¶11.]     When a mineral interest is severed from the surface estate, as was done by Kvalheim in 1967, the severance creates two separate and distinct estates, the mineral estate and the surface estate. *See Broadhurst v. Am. Colloid Co.*, 85 S.D. 65, 73, 177 N.W.2d 261, 265 (1970). There is no dispute that Kvalheim reserved a fifty percent interest in the minerals when he conveyed the surface estate to Gordon Hoslti in 1967, which reservation severed the mineral estate from the surface estate. But it is also undisputed that the mineral interest reserved by Kvalheim has never been produced and no operations have ever been conducted. The question, then, is whether Kvalheim's mineral interest has been abandoned because of nonuse.

[¶12.]     This case is controlled by SDCL chapter 43-30A, enacted by the Legislature in 1985, following a decision by the United States Supreme Court declaring that a state may "condition the retention of a property right upon the performance of an act within a limited period of time." *See Texaco, Inc. v. Short*, 454 U.S. 516, 529, 102 S. Ct. 781, 792, 70 L. Ed. 2d 738 (1982). As one court explained, "[t]he purpose of the dormant minerals act was not to abolish severed mineral interests, but to promote the development of mineral interests by reducing the difficulty in locating the owners of severed mineral interests where there has been no recent recording of those interests." *Oberlin v. Wolverine Gas & Oil Co.*, 450 N.W.2d 68, 71 (Mich. Ct. App. 1989). Indeed, the Supreme Court noted that legislation that requires action by the owner of a mineral interest "to avoid an abandonment of a mineral estate furthers a legitimate state goal. Certainly the State may encourage owners of mineral interests to develop the potential of those

interests; similarly, the fiscal interest in collecting property taxes is manifest. . . . The State surely has the power to condition the ownership of property on compliance with conditions that impose such a slight burden on the owner while providing such clear benefits to the State." *Texaco, Inc.*, 454 U.S. at 529-530, 102 S. Ct. at 792.

[¶13.] In South Dakota, a mineral interest will be deemed abandoned if it is "unused" for twenty-three years, "unless a statement of claim is recorded in accordance with [SDCL] 43-30A-4." SDCL 43-30A-2. Acts that constitute *use* of a mineral interest are listed in SDCL 43-30A-3. One subsection is relevant here:

> A mineral interest is to be deemed used if:
> . . . .
> (4) Any conveyance, valid lease, mortgage, assignment, order in an estate settlement proceeding, inheritance tax determination affidavit, termination of life estate affidavit, or any judgment or decree that makes specific reference to the mineral interest is recorded in the office of the register of deeds for the county in which the mineral interest is located; . . . .

*Id.*

[¶14.] This is our first occasion to interpret SDCL 43-30A-2 and SDCL 43-30A-3. "[W]e adhere to two primary rules of statutory construction. The first rule is that the language expressed in the statute is the paramount consideration. The second rule is that if the words and phrases in the statute have plain meaning and effect, we should simply declare their meaning and not resort to statutory construction." *Goetz v. State*, 2001 S.D. 138, ¶ 15, 636 N.W.2d 675, 681.

[¶15.] Under the plain meaning of SDCL chapter 43-30A, we conclude that the circuit court erred when it interpreted these statutes to mean that because the heirs did not have a written, recorded document conveying to them Kvalheim's

mineral interest, they could not use the mineral interest devised to them upon Kvalheim's death. On the contrary, a "mineral interest" is defined as "*any interest* in oil, gas, coal, clay, gravel, uranium, and all other minerals of any kind and nature, whether *created by grant, assignment, exception, reservation, or otherwise*, owned by a person other than the owner of the surface estate." SDCL 43-30A-1 (emphasis added). Here, the heirs became the owners of Kvalheim's mineral interest upon his passing and in accord with the devise in his will.

[¶16.] The circuit court further erred when it interpreted SDCL 43-30A-3(4) to mean that the oil and gas leases filed by the heirs were required to make "specific reference to the mineral interest *that has been recorded in the Harding County register of deeds office*[.]" (Emphasis added.) The court's interpretation seems to require that the heirs had to specifically refer to the mineral deed (the reservation) recorded by Kvalheim in 1967. Yet the statute does not use the words "record owner" or "original deed." Rather, SDCL 43-30A-3(4) provides that a mineral interest will be "deemed to be used" if a "valid lease . . . that makes specific reference to the mineral interest is recorded in the office of the register of deeds for the county in which the mineral interest is located." Therefore, the lease must make specific reference to the mineral interest *and* the lease must be recorded in the Harding County Register of Deeds Office. "It is fundamental to statutory interpretation that we give the language used its plain meaning." *Lamar Adver. of S.D., Inc.*, 2012 S.D. 76, ¶ 13, 822 N.W.2d at 864. Because, here, each "Oil and Gas Lease" made specific reference to the mineral interest by describing the interest as Township 21 North, Range 2 East, BHM Section 8: SW 1/4, and because each lease

was recorded in the Harding County Register of Deeds Office, the oil and gas leases filed by the heirs establish that the mineral interest was not abandoned because of nonuse from 1967 to 1978.

[¶17.] After 1978, however, only two of the heirs that had filed oil and gas leases recorded documents related to the mineral interest within the most recent twenty-three years. In October 1998, Jerome Hjelmeland conveyed to his spouse, Sylvia Hjelmeland, by "Mineral Deed," all his interest in the mineral estate, which deed was recorded in Harding County, and which deed specifically referred to the subject interest as: Township 21 North, Range 2 East, BHPM Section 8: SW1/4. Sylvia filed a second "Mineral Deed" in 2011, and conveyed her interest in the mineral rights to her children, Katherine and Gregory, which deed was duly recorded with the Harding County Register of Deeds on June 6, 2011, and specifically referred to the subject interest. These conveyances constitute use of the mineral interest under SDCL 43-30A-3(4).

[¶18.] Then, in February 1994, Nina Grev, aka Nina Nelson, filed and recorded a statement of claim related to the mineral interest. The circuit court did not address this document. But SDCL 43-30A-2 specifically provides that a mineral interest will not be deemed abandoned when "a statement of claim is recorded in accordance with [SDCL] 43-30A-4." This statute, SDCL 43-30A-4, requires that the statement of claim (1) "[b]e recorded for the owner of the mineral interest prior to the end of the twenty-three-year period," (2) list the name and address of the owner of the mineral interest and provide "a legal description of the land on or under which the mineral interest is located," and (3) "[b]e recorded in the office of the

-9-

register of deeds for the county in which the mineral interest is located." Because Nina Grev's statement of claim provided that she is the owner, listed her name and address, provided a legal description of the subject land, and was recorded in the Harding County Register of Deeds Office, this statement of claim met the requirements of SDCL 43-30A-4 and constituted a *use* of the mineral interest under SDCL 43-30A-3(7), which precludes abandonment under SDCL 43-30A-2.

[¶19.]     The question remains, however, whether the use of the mineral interest by two of Kvalheim's heirs constitutes use of the mineral interest by all heirs, or whether the remaining heirs' mineral interests were abandoned because of nonuse for twenty-three years after the oil and gas leases were filed in 1978. Indeed, the Holstis insist that one owner's use cannot result in use for the other owners, because each person only owns one-eighth of Kvalheim's interest. They cite SDCL 43-30A-4, which relates *only* to a filing of a statement of claim and provides that "[a] joint tenant, but not a tenant in common, may record a claim on behalf of himself and other joint tenants." Yet this argument was not addressed by the circuit court and the record is insufficient for this Court to resolve the issue. On remand, the circuit court is directed to determine which heirs continue to own the mineral interest.

[¶20.]     Because the mineral interests have not been abandoned under SDCL 43-30A-2, we need not address the heirs' second issue — that the court erred when it ruled that the Holstis were not required to serve notice of the lapse on the heirs.

[¶21.]     Reversed and remanded.

#26821

[¶22.]     GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.